**MICHAEL J. MCAVOYAMAYA LAW**
MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No. 14082
4539 Paseo Del Ray
Las Vegas, NV 89121
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER CABRERA, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> SERVICE EMPLOYEES INTERNATIONAL UNION, *et al.* <br><br> Defendants. | CASE NO.: 2:18-cv-00304-RFB-CWH <br><br> **JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **SPECIAL SCHEDULING REQUESTED** |

Plaintiffs Javier Cabrera, Debbie Miller, Cherie Mancini, and the Nevada Service Employees Union Staff Union ("NSEUSU") and Defendants Luisa Blue ("Blue"), Martin Manteca ("Manteca") and Nevada Service Employees Union ("Local 1107") (misnamed Clark County Public Employees Association aka SEIU Local 1107) (Blue, Manteca and Local 1107 are collectively referred to as "Local 1107 Defendants") hereby file this Joint Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and the Court's Order, ECF No. 26.

### **Information Required Under Federal Rule of Civil Procedure 26(f)**

1. <u>Changes in timing, form, or requirement for disclosures (Fed. R. Civ. P. 26(f)(3)(A)):</u>

The Parties agree, based upon the expected appearance of the International Union on May 14, 2019, which is sixty days after Plaintiffs sent the SEIU International Defendants a request to waive service, that initial disclosures should be made fourteen (14) thereafter, which is May 28, 2019.

Other than the change described above, the parties do not believe that any other modifications are required for the timing, form, or requirement for disclosures under Federal Rule of Civil Procedure 26(a).

2.   Subjects of discovery (Fed. R. Civ. P. 26(f)(3)(B)):

**Plaintiffs:** Plaintiffs anticipate at this time that their discovery will focus on the following topics: (1) the actions of the SEIU trustees towards the Local 1107 Staff covered by the NSEUSU after imposition of the trusteeship; (2) Javier Cabrera's termination; (3) Debbie Miller's termination; (4) the trustees alleged breaches of the CBA with NSEUSU; (5) SEIU International's policies and procedures for eliminating or maintaining staff upon imposition of trusteeships; (6) other terminations of Local 1107 staff not covered by the CBA; (7) discipline of other Local 1107 staff membership during the trusteeship; (8) SEIU International's involvement in the day to day operations of trusteed locals; (9) Mancini's suspension from union membership upon imposition of the trusteeship that has caused her to lose contractual benefits of seniority under the CBA with St. Rose Dominican Hospital; (10) SEIU International's policies and procedures for addressing charges against officers of local unions and assuming jurisdiction over those charges; (11) SEIU International's policies and procedures for amending trusteed local union constitutions while the local is under trusteeship; (12) Local 1107's past practice of granting reasonable accommodations to employees with disabilities; and (13) SEIU International's past policy and practice of purging a trusteed local union's staff upon imposition of a trusteeship in violations of CBAs.

**Defendants:** Local 1107 Defendants believe that many or all of the causes of action are not properly before the Court, in the interests of a discovery plan, Local 1107 agrees that matters identified by the Plaintiffs will be the subject of discovery in addition to the labor practices and related trusteeship imposition. Further discovery will likely include labor practices associated with the Plaintiffs.

3.   Completion of discovery (Fed. R. Civ. P. 26(f)(3)(B)):

The parties propose that the reasonable discovery period of 180 days calculated from the date of the SEIU International's expected appearance on May 14, 2019 is sufficient to complete discovery.

4.   Limitations on discovery (Fed. R. Civ. P. 26(f)(3)(B)):

-1-

1 **Plaintiff:** Plaintiffs believe that there may be need to limit discovery only to the extent that discovery may overlap with other Local 1107 member lawsuits against SEIU International. Plaintiffs believe they will stipulate regarding what the appropriate limits on discovery so as to not duplicate work in this case, so long as all parties understand that there will be a duty to identify all documents from the discovery in those cases that a party attempts to use in this case, and digital copies of said discovery are produced.

**Defendants:** Local 1107 Defendants note that in addition to the *Garcia Case*, Plaintiffs' Counsel is also prosecuting a related  cases in the Eighth Judicial District of Clark County, Nevada, *Gentry, et al. v. Service Employees International Union, et al.,* A-17-764972-C ("*Gentry Case*") and this Court, *Raymond Garcia, et al. v. Service Employees International Union, et al.*, 2:17-cv-01340-APG-NJK that contain many allegations central to this Case.  The Local 1107 Defendants assert that discovery must be limited so as to prevent unnecessary duplication of prior discovery efforts but disagree with the any implied assertion that the attorneys must reveal work product or theories through the specific identification of documents. Local 1107 Defendants agree that disclosures must comply with FRCP 16 and 26.

5. <u>Electronically stored information Fed. R. Civ. P. 26(f)(3)(C))</u>:

The parties do not currently anticipate any special issues concerning the disclosure, discovery, or preservation of electronically stored information.

6. <u>Trial preparation materials (Fed. R. Civ. P. 26(f)(3)(D))</u>:

The parties anticipate special issues concerning claims of privilege or of protection as trial-preparation materials. A stipulation to the entry of an order pursuant to Federal Rule of Evidence 502(d) that the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege or protection applicable to those documents, including the attorney-client privilege, work-product protection, or any other privilege or protection recognized by law may be negotiable.

**Plaintiffs:** Plaintiffs will consent to such stipulation so long as the inadvertently disclosed documents subject to privilege are identified within a reasonable time and noticed to receiving party with a request to return the privileged document. Privilege in inadvertently disclosed privileged documents not discovered and properly noticed to the receiving party within thirty (30) days shall be deemed waived.

**Defendants**: Local 1107 Defendants note that significant issues regarding attorney client privilege exist and are currently being addressed in a related action, *Garcia et al. v. SEIU*, 2:17-cv-1340. There is a protective order in that case, and defense counsel for SEIU International and the Local 1107 Defendants has claimed attorney client privilege and judicial privilege in those cases, and those matters will likely become an issue in this case. The Local 1107 Defendants do not agree with Plaintiffs' stated position and limitations regarding inadvertent disclosures.

7. Changes in limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E)):

The parties do not currently anticipate any need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Nevada.

8. Orders under Federal Rule of Civil Procedure 26(c), 16(b), and 16(c) (Fed. R. Civ. P. 26(f)(3)(F)):

**Plaintiffs:** Plaintiffs do not believe that any order is necessary under these rules. Documents produced in other related cases that qualify for protection under a protective order issued in those cases will be treated as confidential.

**Defendants:** Local 1107 Defendants believe discovery in this case is impacted by discovery orders in the *Garcia* litigation and that the Court must account for existing discovery orders and issues relating to evidence therein.

### Information Required by Local Rule 26-1

9. Discovery cut-off date (L.R. 26-1(b)(1)):

**Plaintiff:** Plaintiff proposes a discovery cut-off date of November 10, 2019, which is 180 days from May 14, 2019, when it is expected that the International Union will appear.

1     **Defendants:** Concur.

2     10.   Amending pleadings and adding parties (L.R. 26-1(b)(2)):

3     **Plaintiff:** Plaintiff proposes that the parties must file any motion to amend the pleadings or to add an additional party on or before July 13, 2019, which is 60 days from May 14, 2019, when it is expected that the International Union will appear.

6     **Defendants:** Concur.

7     11.   Expert disclosures (L.R. 26-1(b)(3)):

8     **Plaintiff:** Plaintiff proposes that the parties must serve their disclosures under Rule 26(a)(2)(D) on or before August 12, 2019, which is 90 days from May 14, 2019, when it is expected that the International Union will appear.

11     **Defendants:** Concur.

12     12.   Dispositive motions (L.R. 26-1(b)(4)):

13     **Plaintiff:** Plaintiff proposes that the parties must file all dispositive motions on or before December 10, 2019, which is 210 days from May 14, 2019, when it is expected that the International Union will appear.

16     **Defendants:** Concur.

17     13.   Pretrial order (L.R. 26-1(b)(5)):

18     **Plaintiff:** Plaintiff proposes that the parties must file their joint pretrial order on or before January 9, 2020, which is 240 days from May 14, 2019, when it is expected that the International Union will appear, unless either of them files a dispositive motion, in which case the deadline for filing the joint pretrial order will be suspended until 30 days after issuance of the Court's decision on the dispositive motion(s) or further Court order.

23     **Defendants:** Concur.

24     14.   Pretrial disclosures (L.R. 26-1(b)(6)):

25     The parties propose that they must make the disclosures required under Federal Rule of Civil Procedure 26(a)(3), and any objections to those disclosures, in their joint pretrial order.

27     15.   Alternative dispute resolution (L.R. 26-1(b)(7)):

The parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes. The parties agree that, at this time, alternative dispute-resolution would not be an efficient use of the parties' resources.

16. <u>Alternative forms of case disposition (L.R. 26-1(b)(8))</u>:

The parties hereby certify that they considered consent to trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties decline to use an alternative form of case disposition.

17. <u>Electronic evidence L.R. 26-1(b)(9))</u>:

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberation. At present, the parties do not anticipate presenting evidence in electronic format to jurors for purposes of jury deliberation.

DATED this 15th day of March 2019.

By: */s/ Evan L. James, Esq*
Evan L. James, Esq.
Nevada Bar No. 7760
Kevin B. Archibald
Nevada Bar. No. 13817
7440 W. Sahara Avenue
Las Vegas, NV 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
*Attorneys for Local 1107 Defendants*

DATED this 15th day of March 2019.

By: */s/ Michael J. McAvoyamaya*
Michael J. McAvoyamaya
Nevada Bar No. 014082
4539 Paseo Del Ray
Las Vegas, NV 89121
*Attorney for Plaintiff*

**IT IS SO ORDERED.**   IT IS FURTHER ORDERED that rebuttal expert disclosures are due September 12, 2019.

Dated: March 27, 2019

_____
UNITED STATES MAGISTRATE JUDGE CARL W. HOFFMAN

-5-