UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAVIER CABRERA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, *et al.*,<br><br>　　　　Defendants. | Case No. 2:18-cv-00304-RFB-DJA<br><br>**ORDER** |

Presently before the Court is Defendants' Motion for Protective Order (ECF No. 73), filed on September 23, 2019. Plaintiffs filed a Response (ECF No. 74) on October 7, 2019 and Defendants filed a Reply (ECF No. 75) on October 15, 2019.

Also before the Court is Plaintiffs' Motion to Extend Discovery (ECF No. 76) filed on October 16, 2019, to which Defendants filed a Response (ECF No. 77) on October 18, 2019 and Plaintiffs filed a Reply (ECF No. 83) on October 25, 2019.

Also before the Court is Defendants' Emergency Motion for a Stay of Scheduled Depositions Pending Resolution of Motion for Protective Order (ECF No. 78), filed on October 23, 2019. On October 23, 2019, the Court granted Defendants' request to decide the Motion on an expedited basis. (ECF No. 79). On October 24, 2019, Plaintiffs filed a Response (ECF No. 80). On October 25, 2019, Defendants filed a Reply (ECF No. 81) and Plaintiffs filed a Motion to Strike the Reply (ECF No. 82).

**I.　BACKGROUND**

The parties are familiar with the facts of this matter and the Court will only summarize them as necessary. Defendants' Motion for Protective Order (ECF No. 73) is pending before the Court regarding discovery into the 13-15 causes of action of the First Amended Complaint. They

seek an order to protect them from written discovery on topics related to the 13-15 causes, which they claim are barred by claim splitting. Plaintiffs respond that the claim splitting argument is not a basis for the imposition of a protective order as Plaintiff Mancini's claims in another action have been dismissed. (ECF No. 74). Defendants reply that their pending Motions to Dismiss (ECF Nos. 36 and 38) set forth the reasons why the claim splitting doctrine applies to bar 13-15 causes of action and therefore, discovery into these claims that are the same as those previously alleged in another case should be barred. (ECF No. 75).

Until a decision is issued on Motion for Protective Order, Defendants seek of stay of 6 scheduled depositions set for November 1-6, 2019 as Plaintiffs' counsel has indicated that he intends to question the deponents on the topics that are subject to the Motion for Protective Order. (ECF No. 78). Plaintiffs oppose the stay given the prior history of this case, including Judge Boulware's comments at a February 22, 2019 hearing. (ECF No. 26). Plaintiffs highlight that Judge Gordon denied Defendants' request to consolidate this case with *Garcia et al v. SEIU et al.*, Case No. 2:17-cv-1340-APG-NJK, which is now closed. Defendants reply that three more depositions have been noticed for November 6-7, 2019. (ECF No. 81). Plaintiffs seek to strike Defendants' reply brief as the Court did not request a reply brief. (ECF No. 82).

Plaintiffs also seek to extend discovery as Defendants have not responded to Plaintiffs' written discovery regarding the 13-15 causes of action and depositions have been noticed. (ECF No. 76). In doing so, Plaintiffs request only three deadlines be extended – discovery cutoff, dispositive motions, and joint pretrial order – by two months. (*Id.*). Defendants respond that no extension is necessary if the Motion for Protective Order (ECF No. 73) is granted because the depositions at issue could be conducted outside of the close of discovery. (ECF No. 77). Plaintiffs reply that they need additional time to receive the requested written discovery and conduct the depositions as Defendants have refused to provide information regarding the alleged claim-splitting issues that are disputed. (ECF No. 83).

**II.     DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense." *Id.* However, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)). The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional

discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

Preliminarily, Defendants' request for a protective order is actually a request for a stay of discovery until their Motions to Dismiss (ECF Nos. 36 and 38) are decided. Specifically, Defendants seek to avoid answering written discovery and deposition questions on any topics related to Plaintiffs' causes of action 13-15, which related to Plaintiff Mancini's claims regarding processing of internal union charges, report and recommendations of the Hearing Officer, and amendment of the Local 1107 Constitution. The Court has carefully weighed Defendants' request and finds that they have not carried their burden to justify a stay of discovery or protective

order. After taking a preliminary peek at the pending motions to dismiss, the oppositions, and replies, the Court is not persuaded that they will be successful.[1]

The linchpin of Defendants' Motions to Dismiss is the claim splitting doctrine, which bars a party from subsequent, duplicative litigation where the "same controversy" exists. *See, e.g., Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). Here, the instant case is the later-filed action and to determine if it is duplicative of the *Garcia* action such that improper claim-splitting has occurred, the Court applies the transaction test:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982). The fourth factor is generally the most significant one to be considered by the Court. *See, e.g., Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005).

Plaintiffs concede that Defendants can likely meet the second element of the analysis because the same evidence may be presented in both cases. (ECF No. 74, 6:23-24). However, Plaintiffs argue that the remaining elements cannot be met because there is anti-preemption provision in LMRDA that preserves state law causes of action, different rights and remedies are raised by Plaintiff Mancini in this action versus the injunctive and declaratory relief sought in the *Garcia* action, the 15th cause of action involves 2019 actions of Defendants that occurred after the allegations raised in *Garcia*. (ECF No. 74). Plaintiffs also contend that numerous exceptions to the claim splitting doctrine apply. (*Id.*). Defendants argue that the 13-15 causes of action are the same as those asserted in the *Garcia* action and take issue with Plaintiffs' assertion that an exception to the claim splitting doctrine applies. (ECF No. 75). Having fully considered the parties' arguments, the Court is not convinced that application of the transaction results in a

---

[1] The Court notes that its view of the claim splitting argument may be different from how the assigned district judge will see the argument.

finding that improper claim-splitting has occurred and thus, it is not clear that Defendants Motions to Dismiss will be granted.

Additionally, the Court considered that the issues before the Court in the pending Motions to Dismiss do not require further discovery as they have been fully briefed.  However, the issues in the pending motions to dismiss are not potentially dispositive of the entire case.  Therefore, the Court finds that a temporary stay of discovery on these issues will not further the goal of judicial economy.  Accordingly, the Defendants shall have 14 days to respond to the written discovery regarding the 13-15 causes of action and the scheduled depositions for November 1-7, 2019 shall go forward as scheduled with questions regarding the 13-15 causes of action permitted.

As for the other pending motions, the Court will deny Defendants' Motion for a Stay of Scheduled Depositions Pending Resolution of Motion for Protective Order (ECF No. 78).  As the Court has addressed the underlying Motion for Protective Order that was the basis for Defendants' emergency motion, it finds no reason to grant a stay.  The Court will also deny Plaintiffs' Motion to Strike the Reply (ECF No. 82).  Although the Court's Order (ECF No. 79) did not permit a reply brief, the Court will permit Defendants' Reply (ECF No. 81) to be considered.  It added in new information of additional depositions that would be subject to the Motion and as such, the Court finds it appropriate to consider.

However, the Court will grant Plaintiffs' Motion to Extend Discovery (ECF No. 76) in order to permit the written discovery on 13-15 causes of action and scheduled depositions to be completed.  As such, the following schedule shall govern discovery:

- Discovery cutoff: January 9, 2020
- Dispositive motions: February 10, 2020
- Joint pretrial order: March 9, 2020 or to the extent dispositive motions are filed, 30 days after a decision on those motions or further court order

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order (ECF No. 73) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion for a Stay of Scheduled Depositions Pending Resolution of Motion for Protective Order (ECF No. 78) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend Discovery (ECF No. 76) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike the Reply (ECF No. 82) is **denied**.

DATED: October 29, 2019.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE