UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAVIER CABRERA, *et al.*, | Case No. 2:18-cv-00304-RFB-DJA |
| Plaintiffs, | |
| v. | **ORDER** |
| SERVICE EMPLOYEES INTERNATIONAL UNION, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendants' Emergency Motion for Protective Order (ECF No. 87), filed on November 8, 2019. Plaintiffs filed a Response (ECF No. 89) and Motion to Seal (ECF Nos. 90) on November 19, 2019. A duplicative Motion to Seal was filed by Plaintiffs (ECF No. 91) on November 20, 2019. Defendants filed a Reply (ECF No. 92) on November 20-21, 2019. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

The parties are familiar with the facts of this matter and the Court will only summarize them as necessary. Defendants' Emergency Motion for Protective Order (ECF No. 87) is pending before the Court regarding the deposition of Bob Schoonover scheduled for December 27, 2019. They seek an order to protect Mr. Schoonover, who is the highest executive of a large public sector union who lacks firsthand knowledge of this matter, making the topics noticed for his deposition not proportional, unreasonably cumulative, or ones that can be obtained from another less burdensome source. Plaintiffs respond that Mr. Schoonover was directly involved in investigating and responding to the complaints of Local 721 staff against Defendant Manteca, in staffing the Local 1107 trusteeship, and has direct personal knowledge regarding compensation of Defendant Manteca. (ECF No. 89). Defendants reply that the deposition testimony is not

relevant to the claims in this action and Mr. Schoonover is protected under the apex doctrine. (ECF No. 92).

## II. DISCUSSION

### a. Protective Order

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.* However, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

"It is very unusual for a court to prohibit the taking of a deposition altogether ... absent extraordinary circumstances." *United States CFTC v. Banc De Binary, Ltd*., 2015 U.S. Dist. LEXIS 17567, at *6 (D. Nev. Feb. 11, 2015) (internal citations omitted). However, the Court has discretion to prohibit the deposition of a high-level corporate executive, or "apex" deponent, given the "tremendous potential for abuse or harassment" that exists for such discovery. *Int'l*

*Game Tech. v. Illinois Nat'l Ins. Co.*, 2018 WL 7499823, at *2 (D. Nev. Apr. 6, 2018) (internal citations omitted).

A deponent's status as a high-level executive alone is not a reason to prohibit his deposition. Courts within the Ninth Circuit consider two factors when deciding whether or not to allow the deposition of a high-level executive: (1) whether the executive has unique, personal knowledge of relevant information; and (2) whether the party seeking the information has exhausted other less intrusive discovery methods.[1] *See Apple v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012); see also *Luangisa v. Interface Operations*, 2011 WL 6029880 (D. Nev. Dec. 5, 2011).

As a preliminary matter, the Court finds that Mr. Schoonover is a high-level executive based on his title, President and Executive Director of the Service Employees International Union, Local 721 and President of the SEIU State Council and Declaration. (ECF No. 87-5). Mr. Schoonover declares that he does not have unique and personal knowledge and his deposition would be duplicative or only serve to harass him or impose undue burden. (*Id.*). Plaintiffs' contend that Mr. Schoonover is not being truthful with the Court as to his involvement in the investigation of complaints relevant to the case.

Knowledge is personal if the individual at issue was involved to some degree in the subject matter. *See Int'l Game Tech.*, 2018 WL 7499823, at *4. Knowledge is unique if it is unavailable from less intrusive discovery. *Id*. Plaintiffs' acknowledge that there were other people present at the May 9, 2016 meeting that Mr. Schoonover attended along with the second meeting. (ECF No. 89, 3-4). Further, mere speculation as to what role Mr. Schoonover played with respect to staffing the trusteeships or use of funds in the event of a trusteeship is insufficient to meet this first element.

Second, Plaintiffs have failed to first exhaust other less intrusive methods of discovery. *See Int'l Game Tech.*, 2018 WL 7499823, at *4. In fact, Defendants represent that they have

---

[1] Although the Ninth Circuit has yet to recognize the apex doctrine, a majority of the District Courts within the Ninth Circuit have. *See e.g., Luangisa v. Interface Operations*, 2011 U.S. Dist. LEXIS 139700, at *39-40 (D. Nev. Dec. 5, 2011).

1 responded to written discovery on the alter ego status issue along with the trusteeship and funds
2 issue, which may be followed up on at the already scheduled deposition of SEIU's Rule 30(b)(6)
3 witness. (ECF No. 92, 9:7). Therefore, Defendants' request for a protective order is warranted at
4 this time under the apex doctrine.

### b. Sealing Exhibits

Plaintiffs request sealing of some of the exhibits to their Response (ECF No. 90-91). They represent that Exhibit 1 is subject to a protective order that is in place in another case, *Garcia et al. v. SEIU et al.*, 2:17-cv-1340, but make no representations on whether the standards for keeping all of the requested exhibits sealed have been met. (ECF No. 91, 2). A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." 809 F.3d at 1097.

There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id*. "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

1 | The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). However, the Court finds that the less exacting good cause standard is applicable here and justifies keeping the requested exhibits under seal. The Court finds that Plaintiffs' Exhibit 1 shall remain under seal pursuant to Judge Gordon's order. Exhibit 5 shall also remain sealed as it is financial information that would impair SEIU's interests if publicly accessible. Therefore, the Court will grant Plaintiff's motions to seal.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Emergency Motion for Protective Order (ECF No. 87) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal (ECF No. 90) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal (ECF No. 91) is **granted**.

DATED: November 22, 2019.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE