**ROTHNER, SEGALL & GREENSTONE**
JONATHAN COHEN (10551)
ELI NADURIS-WEISSMAN (*pro hac vice*)
CARLOS COYE (*pro hac vice*)
510 South Marengo Avenue
Pasadena, California 91101-3115
Telephone: (626) 796-7555
Fax: (626) 577-0124
E-mail: jcohen@rsglabor.com; enaduris-weissman@rsglabor.com; ccoye@rsglabor.com

**CHRISTENSEN JAMES & MARTIN**
EVAN L. JAMES (7760)
DARYL E. MARTIN (6735)
7440 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Fax: (702) 255-0871
Email: elj@cjmlv.com; dem@cjmlv.com

Attorneys for Service Employees International Union
and Mary Kay Henry

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER CABRERA, an individual; DEBORAH MILLER, an individual, CHERIE MANCINI, an individual, NEVADA SERVICE EMPLOYEES UNION STAFF UNION ("NSEUSU"), an unincorporated association,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION. a nonprofit cooperative corporation; LUISA BLUE, in her official capacity as Trustee of Local 1107; MARTIN MANTECA, in his official capacity as Deputy Trustee of Local 1107; MARY K. HENRY, in her official capacity as Union President; CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION dba NEVADA SERVICE EMPLOYEES UNION aka SEIU 1107, a non-profit cooperative corporation; DOES 1-20; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00304-RFB-DJA<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |

1

The parties, by and through their undersigned counsel, hereby stipulate to the entry of the following protective order to govern the designation and production of confidential information or documents.

| CHRISTENSEN JAMES & MARTIN | ROTHNER, SEGALL & GREENSTONE |
|---|---|
| By  */s/ Evan L. James*<br>   Evan L. James, Esq.<br>   Nevada Bar No. 7760<br>   7440 W. Sahara Avenue<br>   Las Vegas, NV 89117<br>   Tel.: (702) 255-1718<br>   Fax: (702) 255-0871<br>   elj@cjmlv.com<br>   *Attorneys for Defendant Local 1107,*<br>   *Luisa Blue, and Martin Manteca* | By:  */s/ Eli Naduris-Weissman*<br>   Eli Naduris-Weissman, Esq.<br>   Pro Hac Vice<br>   510 S. Marengo Avenue<br>   Pasadena, California 91101-3115<br>   Tel.: (626) 796-7555<br>   Fax.: (626) 577-0124<br>   enaduris-weissman@rsglabor.com<br>   Attorneys *for SEIU and Mary K. Henry* |

By*:*  */s/ Michael J. Mcavoymaya*
   Michael J. Mcavoyamaya, Esq.
   Nevada Bar No. 14082
   4539 Paseo Del Ray
   Las Vegas, NV 89121
   Tel.: (702) 299-5083
   mmcavoyamayalaw@gmail.com
   *Attorney for Plaintiffs*

2

**ROTHNER, SEGALL & GREENSTONE**
JONATHAN COHEN (10551)
ELI NADURIS-WEISSMAN (*pro hac vice*)
CARLOS COYE (*pro hac vice*)
510 South Marengo Avenue
Pasadena, California  91101-3115
Telephone:      (626) 796-7555
Fax:                  (626) 577-0124
E-mail:           jcohen@rsglabor.com; enaduris-weissman@rsglabor.com;
                        ccoye@rsglabor.com

**CHRISTENSEN JAMES & MARTIN**
EVAN L. JAMES (7760)
DARYL E. MARTIN (6735)
7440 West Sahara Avenue
Las Vegas, Nevada  89117
Telephone:      (702) 255-1718
Fax:                  (702) 255-0871
Email:             elj@cjmlv.com; dem@cjmlv.com

Attorneys for Service Employees International Union
          and Mary Kay Henry

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER CABRERA, an individual; DEBORAH MILLER, an individual, CHERIE MANCINI, an individual, NEVADA SERVICE EMPLOYEES UNION STAFF UNION ("NSEUSU"), an unincorporated association,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION. a nonprofit cooperative corporation; LUISA BLUE, in her official capacity as Trustee of Local 1107; MARTIN MANTECA, in his official capacity as Deputy Trustee of Local 1107; MARY K. HENRY, in her official capacity as Union President; CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION dba NEVADA SERVICE EMPLOYEES UNION aka SEIU 1107, a non-profit cooperative corporation; DOES 1-20; and  ROE CORPORATIONS 1-20, inclusive,<br><br>                    Defendants. | Case No.: 2:18-cv-00304-RFB-DJA<br><br>**PROTECTIVE ORDER** |

3

The Court enters the following protective order to govern the designation and production of confidential information or documents so designated by Plaintiffs and Defendants.

## 1. Purposes and Limitations

Discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties have stipulated to and petitioned the Court to enter the following Protective Order.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Protective Order creates no entitlement to file confidential information under seal. Local Rule IA 10-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. Definitions

2.1. Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "Confidential" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4. "Highly Confidential - Attorneys' Eyes Only" Information or Items: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

4

2.5. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. Producing Party: A Party or nonparty that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: A Party or nonparty that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8. Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9. Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. House Counsel: Attorneys who are employees of a Party.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14. Calculating Time: all deadlines included in this protective order are to be calculated pursuant to Federal Rule of Civil Procedure 6.

3. **Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by
2  parties or counsel to or in Court or in other settings that might reveal Protected Material. The
3  protections conferred by this Stipulation and Order do not waive the right of Plaintiffs or
4  Defendants to challenge the propriety of any discovery. This Protective Order does not decide
5  the validity of any such challenge.

6  **4.     Duration**

7  Even after the termination of this litigation, the confidentiality obligations imposed by
8  this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing
9  or a Court order otherwise directs.

10 **5.     Designating Protected Material**

11 5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or
12 nonparty that designates information or items for protection under this Order must take care to
13 limit any such designation to specific material that qualifies under the appropriate standards. A
14 Designating Party must take care to designate for protection only those parts of material,
15 documents, items, or oral or written communications that qualify-so that other portions of the
16 material, documents, items, or communications for which protection is not warranted are not
17 swept unjustifiably within the ambit of this Order.

18 If it comes to a Party's or a nonparty's attention that information or items that it
19 designated for protection do not qualify for protection at all, or do not qualify for the level of
20 protection initially asserted, that Party or nonparty must promptly notify all other parties that it is
21 withdrawing the mistaken designation.

22 5.2. Manner and Timing of Designations. Except as otherwise provided in this Protective
23 Order, or as otherwise stipulated or ordered, material that qualifies for protection under this
24 Protective Order must be clearly so designated before the material is disclosed or produced.

25 Designation in conformity with this Order requires:

26 (a)    For information in documentary form (apart from transcripts of depositions or
27 other pretrial or trial proceedings), that if the Producing Party believes all the content in the
28 designated document is confidential the Producing Party must affix the legend

6

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that is entirely sought to be protected in its entirety. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) by making appropriate markings/notations in the margins, and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or nonparty offering or sponsoring the testimony identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specifies any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 calendar days from the date of receipt of the transcript, or 30 calendar days from the date the designating party receives notice from the court reporter that the transcript is available for purchase, whichever is sooner, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the time periods specified above shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

5.3. <u>Inadvertent Failures to Designate and Inadvertent Disclosures</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's

7

right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent disclosure of any material that is subject to a legitimate claim that the material should have been withheld from disclosure as privileged or subject to the attorney work product doctrine shall not constitute a waiver of the privilege or other protection for that material or for the subject matter of the inadvertently disclosed material if the Producing Party, upon becoming aware of the disclosure, promptly requests its return. The Receiving Party of any material that appears to that party to be subject to a legitimate claim that the material should have been withheld from disclosure as privileged or subject to the attorney work product doctrine, shall promptly notify the Producing Party. The term "timely" means within sixty (60) days from the date the material is inadvertently disclosed.

**6.      Challenging Confidentiality Designations**

6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to challenge a Designating Party's confidentiality designation only if it has engaged in a meet and confer process first.

8

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. Access to Protected Materials**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) the Receiving Party and officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel, and court reporters and their staffs;

(e) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have been informed of the requirements of the Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

  (g) the author of the document or the original source of the information;

  (h) officers, directors, and employees of the Designating Party; and

  (i) mediators and other ADR neutrals in this case.

  7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

  (a) the Receiving Party's Outside Counsel and House Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (b) Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (c) the Court and its personnel, and court reporters and their staffs;

  (d) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (e) the author of the document or the original source of the information;

  (f) officers, directors, and employees of the Designating Party; and

  (g) mediators and other ADR neutrals in this case.

**8. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

1 Receiving Party must so notify the Designating Party in writing immediately and in no event
2 more than seven court days after receiving the subpoena or order. Such notification must include
3 a copy of the subpoena or court order.
4     The Receiving Party also must inform in writing within a reasonable period of time the
5 Party who caused the subpoena or order to issue in the other litigation that some or all the
6 material covered by the subpoena or order is the subject of this Protective Order. In addition, the
7 Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other
8 action that caused the subpoena or order to issue.
9     The purpose of imposing these duties is to alert the interested parties to the existence of
10 this Protective Order and to afford the Designating Party in this case an opportunity to try to
11 protect its confidentiality interests in the court from which the subpoena or order issued. The
12 Designating Party shall bear the burdens and the expenses of seeking protection in that court of
13 its confidential material – and nothing in these provisions should be construed as authorizing or
14 encouraging a Receiving Party in this action to disobey a lawful directive from another court.
15 **9.**     **Unauthorized Disclosure of Protected Material**
16     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
17 Material to any person or in any circumstance not authorized under this Protective Order, the
18 Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
19 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the
20 person or persons to whom unauthorized disclosures were made of all the terms of this Order,
21 and (d) request such person or persons to execute the "Agreement to Be Bound by Protective
22 Order" that is attached hereto as Exhibit A.
23 **10.**     **Filing Protected Material**
24     Without written permission from the Designating Party or a Court order secured after
25 appropriate notice to all interested persons, a Party may not file in the public record in this action
26 any Protected Material. A Party that seeks to file under seal any Protected Material must comply
27 with Local Rule 10-5.
28

A party shall file under seal any documents designated as confidential by the opposing party (or any non-party) and shall contemporaneously file a motion to seal those documents. Such motion must clearly indicate which documents are being filed under seal, and the filing party shall simultaneously serve an unredacted copy of such documents to the designating party. If the designating party has previously provided to the filing party a declaration establishing sufficient justification for keeping the document at issue sealed or allowing partial redaction, the filing party must attach such declaration to the motion to seal.

Within seven days of the filing of such a motion to seal, the designator shall file either: (1) a declaration establishing sufficient justification for keeping each document at issue sealed or allowing partial redaction, or (2) a notice of consent to unsealing. If neither filing is made by the designator, the Court may order the document(s) unsealed without further notice.

**11.    Final Disposition**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  However, if the parties have stipulated, in writing, to the use in this case of evidence produced in a related case (where such related case or cases are specified in a written stipulation), the sixty-day timeline above will not begin to run until final termination of this action or the related actions specified in the written stipulation.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.  Miscellaneous**

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

DATED: December 10 , 2019

_____
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2019, in *Cabrera, et al. v. Service Employees International Union, et al.*, Case No. 2:18-cv-00304-RFB-DJA. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Dated:_____

City and State where signed: _____

Printed Name:_____

Signature:_____

## CERTIFICATE OF SERVICE

I am a member of Rothner, Segall & Greenstone. On this 6th day of December, 2019, I caused a true and correct copy of the foregoing **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** to be served in the following manner:

✓ ELECTRONIC SERVICE: Pursuant to LR IC 4-1 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served through the Notice of Electronic Filing automatically generated by the Court.

ROTHNER, SEGALL & GREENSTONE

By  */s/Jonathan Cohen*
        JONATHAN COHEN