**CHRISTENSEN JAMES & MARTIN**
EVAN L. JAMES, ESQ. (7760)
DARYL E. MARTIN, ESQ. (6735)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com, dem@cjmlv.com
*Attorneys for Defendants Nevada Service Employees Union, Luisa Blue, and Martin Manteca*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAVIER CABRERA, an individual; DEBORAH MILLER, an individual, CHERIE MANCINI, an individual; NEVADA SERVICE EMPLOYEES UNION STAFF UNION ("NSEUSU"), an unincorporated association,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, a nonprofit cooperative corporation; LUISA BLUE, in her official capacity as Trustee of Local 1107; MARTIN MANTECA, in his official capacity as Deputy Trustee of Local 1107; MARY K. HENRY, in her official capacity as Union President; CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION dba NEVADA SERVICE EMPLOYEES UNION aka SEIU LOCAL 1107, a nonprofit cooperative corporation; CAROL NIETERS, an individual; DOES 1-20; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00304-RFB-DJA<br><br>**JOINDER IN SEIU'S MOTION TO RECONSIDER**<br><br>**AND**<br><br>**LOCAL 1107'S MOTION TO RECONSIDER** |

Nevada Service Employees Union ("Local 1107") joins in the Motion to Reconsider, ECF No. 225, filed by Service Employees International Union ("SEIU") and adopts the arguments set forth therein as part of its Motion to Reconsider of ECF No. 224.

JOINDER

Local 1107 Joins in SEIU's Motion to Reconsider and adopts the points, authorities and argument set forth therein. For brevity, the legal standard for reconsideration will not be repeated herein. The Court is directed to ECF No. 225 at 2-3 for that standard.

I

ADDITIONAL POINTS FOR RECONSIDERATION

**1.   Clear error in the Court's Order exists because the Court is allowing Cabrera's claims to proceed despite finding that he failed to exhaust contractual remedies.**

The Court found that "Cabrera failed to attend the Step 2 meeting" and that "NSEUSU did not advance an arbitration case." ECF No. 224 at 4:6-8. "It is axiomatic that an aggrieved employee must exhaust any exclusive grievance and arbitration procedure created in a collective bargaining agreement prior to bringing a ... suit against the employer." *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1082 (9th Cir. 1991). Based upon the Court's findings and the law, dismissal of Cabrera's claim is required.

**2.   Clear error in the Court's Order exists because it rests upon allegations in Plaintiffs' complaint.**

The Court's decision not to enter summary judgment on Cabrera's punitive damages claim impermissibly rests upon allegations in the pleadings. "The party opposing the motion 'may not rest upon the mere allegations or denials of his pleading.'" *Endy v. County of Los Angeles*, 975 F.3d 757, 763 (9th Cir. 2020) *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Yet, the Court's Order denies summary judgment because "Specifically, Plaintiff Cabrera ***alleges*** that SEIU Trustees over Local 1107 engaged in willful, flagrant breaches of the SNEUSU CBA and duties and therefore Defendants' conduct constitutes oppression, fraud, and malice. The Court finds that Plaintiff Cabrera's ***allegations*** do not foreclose punitive damages." ECF No. 224 at 10:1-4 (emphasis added). As stated by the United States Supreme Court and the Ninth Circuit Court of Appeals, allegations are insufficient to avoid summary judgment. Further, "[t]he existence of 'some alleged

-3-

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Anderson*, 477 U.S. 242, 247-48 (1986). In other words, Cabrera's allegations that his termination was willful and flagrant breach of a collective bargaining agreement is insufficient legal justification to overcome his obligation to present some admissible evidence of willful and flagrant conduct sufficient to overcome the Ninth Circuit's general rule disallowing punitive damages for claims of this type. Cabrera never submitted such evidence to the Court, so there is no dispute of fact on the availability of punitive damages.

## II

## CONCLUSION

As stated by SEIU, and as shown above, summary judgment in favor of the Defendants is proper.

Dated April 7, 2021.

CHRISTENSEN JAMES & MARTIN

By: */s/ Evan L. James*
Evan L. James, Esq.
Nevada Bar No. 7760
7440 W. Sahara Avenue
Las Vegas, NV 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
*Attorneys for Local 1107*

**CERTIFICATE OF SERVICE**

I am an employee of Christensen James & Martin and caused a true and correct copy of the foregoing document to be served in the following manner on the date it was filed with the Court's ECF System.

✓     <u>ELECTRONIC SERVICE</u>: Through the Court's E-Filing System to the following:

___   <u>VIA UNITED STATES MAIL</u>:

| | |
|---|---|
| Michael J. Mcavoyamaya, Esq.<br>4539 Paseo Del Ray<br>Las Vegas, NV 89121 | Email copy to: mcavoyamayalaw@gmail.com |
| Jonathan Cohen, Esq.<br>Eli Naduris-Weissman, Esq.<br>Carlos Coye, Esq.<br>Rothner, Segall & Greenstone<br>510 South Marengo Avenue<br>Pasadena, California 91101-3115 | Email copy to: jcohen@rsglabor.com<br>Email copy to: enaduris-weissman@rsglabor.com<br>Email copy to: ccoye@rsglabor.com |

CHRISTENSEN JAMES & MARTIN

By: */s/ Evan L. James*
    Evan L. James