**CHRISTENSEN JAMES & MARTIN**
EVAN L. JAMES, ESQ. (7760)
DARYL E. MARTIN, ESQ. (6735)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com, dem@cjmlv.com
*Attorneys for Defendants Nevada Service Employees*
*Union, Luisa Blue, and Martin Manteca*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAVIER CABRERA, an individual; DEBORAH MILLER, an individual, CHERIE MANCINI, an individual; NEVADA SERVICE EMPLOYEES UNION STAFF UNION ("NSEUSU"), an unincorporated association, | Case No.: 2:18-cv-00304-RFB-DJA |
| Plaintiffs, | **REPLY TO RESPONSE TO MOTIONS TO RECONSIDER [ECF Nos. 230 & 231]** |
| vs. | **and** |
| SERVICE EMPLOYEES INTERNATIONAL UNION, a nonprofit cooperative corporation; LUISA BLUE, in her official capacity as Trustee of Local 1107; MARTIN MANTECA, in his official capacity as Deputy Trustee of Local 1107; MARY K. HENRY, in her official capacity as Union President; CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION dba NEVADA SERVICE EMPLOYEES UNION aka SEIU LOCAL 1107, a nonprofit cooperative corporation; CAROL NIETERS, an individual; DOES 1-20; and ROE CORPORATIONS 1-20, inclusive, | **RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER [ECF No. 232]** |
| Defendants. | |

Nevada Service Employees Union ("Local 1107") hereby files its reply to the Plaintiffs'

Responses (ECF Nos. 230 & 231) to Local 1107's Motion to Reconsider, ECF No. 227. Local 1107

also files a Response to Plaintiffs' Motion to Reconsider (ECF No. 232).

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

Dated April 28, 2021.                    CHRISTENSEN JAMES & MARTIN

                                         By:____/s/ Evan L. James_____
                                         Evan L. James, Esq.
                                         Nevada Bar No. 7760
                                         7440 W. Sahara Avenue
                                         Las Vegas, NV 89117
                                         Tel.: (702) 255-1718
                                         Fax: (702) 255-0871
                                         *Attorneys for Local 1107*

**I**

**ARGUMENT**

**1.      Local 1107's Motion to Reconsider is based upon the findings of the Court and applicable law.**

Plaintiffs incorrectly assert that Local 1107 is rehashing arguments. Local 1107's Motion to Reconsider (ECF No. 231) points to specific findings in the Court's Order (ECF No. 224). It then applies applicable law to those findings and reaches natural conclusions that the Court is asked to consider. Asking the Court to apply the law to the facts it found to be undisputed is not rehashing arguments.

**2.      SEIU's Motion, to which Local 1107 also joined, addresses specific matters that need to be ruled upon by the Court.**

Plaintiffs incorrectly assert that Service Employees International Union ("SEIU") is rehashing arguments. SEIU correctly argues that that the Court needs to address certain matters. Local 1107 joins in SEIU motions and briefs rather than duplicating matters for the Court.

**3.      Plaintiffs' Response and Countermotion show the propriety of the Court clarifying and expanding its Order to dismiss all contract related claims for failure to exhaust contractual remedies.**

All parties agree, "It is axiomatic that an aggrieved employee must exhaust any exclusive grievance and arbitration procedure created in a collective bargaining agreement prior to bringing

1   a ... suit against the employer." *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1082 (9th Cir. 1991).

2   Plaintiffs do not dispute their refusal to participate in the grievance and arbitration provisions of

3   the CBA as found by the Court in its March 31, 2021 Order, (ECF No. 224). Rather, Plaintiffs rely

4   upon repudiation allegations of the First Amended Complaint ("FAC") as a summary judgment

5   defense.  Plaintiffs claim that this quote from a prior court order excuses their summary judgment

6   obligation to provide evidence: "'As for exhaustion, the Court finds that plaintiffs are excused from

7   exhaustion remedies under the CBA because plaintiff adequately pleads that defendants repudiated

8   the grievance procedures. Therefore, because the Court finds that plaintiff has adequately plead a

9   breach of contract claim and is excused from exhaustion ***based upon these allegations***.'"

10  Response, ECF 231 at 4:13-16, quoting this Court's Order of March 11, 2020 (emphasis added).

11  Plaintiffs' argument is insufficient because "[t]he opponent [opposing summary judgment] must

12  present [ ] facts in evidentiary form; ***he cannot rest on his pleadings.***" *SEC v. Murphy*, 626 F.2d

13  633, 640 (9th Cir. 1980) (emphasis added); *citing United States v. Allen*, 578 F.2d 236, 237 (9th

14  Cir. 1978); *Smith v. Saxbe*, 183 U.S. App. D.C. 210, 562 F.2d 729, 733 (D.C. Cir. 1977). Allowing

15  Plaintiffs to avoid summary judgment based upon this Court's Order Denying Defendants' Motion

16  to Dismiss impermissibly applies an FRCP 12(b)(6) standard rather than the required FRCP 56

17  standard.

18      If the Court has any question about Plaintiffs' argument and lack of evidence, here is how

19  it they presented it in summary judgment briefs: "***Plaintiffs' FAC*** includes numerous ***allegations***

20  relating to Defendants' repudiation of the grievance procedure as it relates to Counts 5, 7 and 8.

21  *See* FAC, (ECF No. 27), at 21:3-8, 29:20-24, 29:25-30:4, 30:5-8, 30:9-18, 31:4-8. L1107 fails to

22  dispute any of the facts in the FAC regarding their repudiation of the grievance procedure." *See*

23  ECF No. 198 at 29:25-28 (emphasis added).

24      Plaintiffs' bald statement of Local 1107 not disputing "alleged facts" is wrong! For

25  example, Local 1107 presented evidence – which Plaintiffs have never disputed and the Court

26  found as undisputed fact in its March 31, 2021 Order (ECF No. 224) – that Local 1107 offered and

27  the Plaintiffs refused to participate in the grievance and arbitration provisions of the CBA. The

Court's finding that the Plaintiffs refused to participate in the grievance and arbitration provisions of the CBA was aptly made because Plaintiffs' attorney declared their refusal as follows: "Undersigned counsel does not intend to prosecute this matter, nor the other NSEUSU grievances, if they are forced to go to arbitration…." ECF No. 168-2 at 168. Plaintiffs' further declared when invited to a grievance meeting by Local 1107,[1] "Your client's attempts to drag out this issue by holding 'hearings' before the trustees without opportunity to cross-examine those who were involved in the decision to discriminate against my client are not going to be entertained. We will be moving forward and initiating litigation in Ms. Miller's case." Id. at 8:6-11 & 59. Miller also testified that she would have participated in a continued interactive and grievance process only by subpoena: "Q. Would you have attended the January 9th, 2018 meeting with Luisa Blue had you known about it? A. If it was necessary.  If it was necessary. Q. What do you mean, 'if it was necessary?' A. If I was subpoenaed to do it." Id. at 211, Miller Tr. 183:2-6. *These direct evidentiary quotes are not characterization of fact or mere allegations. They are undisputed hard evidence from Plaintiffs' own mouths that they absolutely and unequivocally rejected the grievance and arbitration process required by the collective bargaining agreement![2]*

Meanwhile, Plaintiffs offer no evidence that Local 1107 repudiated the grievance and arbitration provisions of the CBA. None! Rather, they allege that the removal of Local 1107's Executive Board by the valid trusteeship[3] over Local 1107 caused the repudiation. That is not repudiation because repudiation requires "a positive, unconditional, and unequivocal declaration

---

[1] It is axiomatic that Local 1107's invitation to participate in the grievance process cannot be a repudiation of that process. Any holding that an invitation to participate in a grievance meeting is a repudiation of that process is clear error.

[2] It would be manifestly unjust to force Local 1107 to be subject to a trial by jury on undisputed facts that show it sought to adhere to the grievance and arbitration provisions of the CBA that Plaintiffs rejected, especially where the issue of repudiation is one for the arbitrator and not the jury. *See Loc. Union No. 370 of Int'l Union of Operating Engineers v. Morrison-Knudsen Co.,* 786 F.2d 1356, 1358 (9th Cir. 1986); *accord California Trucking Ass'n v. Brotherhood of Teamsters & Auto Truck Drivers, Local 70*, 679 F.2d 1275, 1282 (9th Cir. 1981).

[3] Judge Gordon and the Ninth Circuit Court of Appeals adjudicated the trusteeship as valid. The disbanding of the Executive Board is therefore valid and cannot serve as a source of repudiation.

of fixed purpose not to perform the contract in any event or at any time." *Dingley v. Oler*, 117 U.S. 490, 502, 6 S.Ct. 850 (1886). Indeed, "contractual anticipatory repudiation must be clear, positive, and unequivocal. *Covington Bros. v. Valley Plastering, Inc.*, 566 P.2d 814, 817, 93 Nev. 355, 360 (Nev. 1977). All evidence shows that Plaintiffs refused Local 1107's multiple offers to participate in the CBA's grievance and arbitration process. The Court's conclusion that the refusal to participate in the grievance and arbitration process bars breach of contract claims under Section 301 is correct—and applies to this claim as well. Neither Miller nor the Staff Union may assert claims that were not grieved or arbitrated.

The Court correctly found that Cabrera and the Staff Union failed to participate in the grievance proceedings. It is therefore proper for the Court to apply a summary judgment standard to all remaining contract related claims in the FAC, which includes the Fifth Claim for Relief, Seventh Claim for Relief, and Eighth Claim for Relief as well as Cabrera's prayer for punitive damages. Because Cabrera cannot assert a breach of contract claim, he cannot assert a right to recover punitive damages for a claimed contract breach.

**4.    Local 1107 never waived the grievance procedure – much less the arbitration requirement – for Cabrera.**

Without citation to any evidence, Plaintiffs assert that Local 1107 waived the CBA's arbitration requirement as to Cabrera when the National Labor Relations Board ("NLRB") chose to hear Cabrera's unfair labor practice case rather than apply what is often called Collyer deferral.[4] ECF No. 231 at 10:6-26. Collyer deferral occurs where "the Board dismisse[s] unfair labor practice complaints even though arbitration had not been initiated. Collyer is not the familiar case of deferral to an arbitration award, but deferral to the arbitration procedure which is available but not yet invoked." *Local Union No. 2188, Intern. Broth. of Elec. Workers, AFL-CIO v. N. L. R. B.*, 494 F.2d 1087, 1090, 161 U.S.App.D.C. 168, 171 (D.C. Cir. 1974). As the Supreme Court stated, "Finally, and most importantly, to the extent that the factual issues raised in an unfair labor practice

---

[4] Collyer deferral receives its name from *Collyer Insulated Wire*, 192 NLRB 837 (1971). *See, e.g.*, *NLRB v. Safeway Stores*, 622 F.2d 425 (9th Cir. 1980).

action have been, or can be, addressed through the grievance process, the Board may defer to that process." *N.L.R.B. v. City Disposal Systems Inc.*, 104 S.Ct. 1505, 1515, 465 U.S. 822, 838 (U.S. 1984). As to the NLRB's right to defer, the Ninth Circuit has said, "the Board[] … has wide discretion to decide whether to defer," *N.L.R.B. v. Max Factor and Co.*, 640 F.2d 197, 201 (9th Cir. 1980), and while the "Board may decide to defer where the situation justifies such action, the Board cannot abdicate its duty to consider unfair labor practice charges by deferring when it has no lawful or reasonable basis for doing so." *Stephenson v. N.L.R.B.*, 550 F.2d 535, 539 (9th Cir. 1977). The NLRB's choosing to hear Cabrera's unfair labor practice charge cannot be said to constitute a waiver by Local 1107 where the Supreme Court and Ninth Circuit have both declared that Collyer deferral is a product of the NLRB's choosing.  Local 1107 never waived, but insisted on, arbitration of Cabrera's grievance. The NLRB's proceedings to not change that fact.

In addition, Cabrera sows confusion by conflating matters. First, Cabrera's arbitration waiver argument conflates arbitration with a grievance. As the Court found, Cabrera failed to participate in the grievance process, which was required by the CBA *prior to* arbitration. Thus, Cabrera's waiver argument is an irrelevant red herring because he never participated in the CBA's separate pre-arbitration grievance requirement. Local 1107's Motion to Reconsider points to the Court's *finding* that "Cabrera failed to attend the Step 2 meeting…." Order, ECF No. 224 at 4:6. As a factual matter, Cabrera failed to participate in the grievance process. Pursuant to *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1082, he is barred from filing a lawsuit claiming breach of contract.

Second, Cabrera conflates the NLRB's jurisdiction and procedure with Federal Court case law requiring CBA exhaustion prior to asserting breach of contract claims. In essence, Cabrera argues the federal court's exhaustion requirement as articulated in *Stupy v. U.S. Postal Serv.* no longer exists if the NLRB chooses to hear an unfair labor practice claim rather than have the parties arbitrate as required by the CBA. In other words, Cabrera believes the NLRB's claim processing doctrines trump federal court caselaw involving Section 301 of the National Labor Relations Act (the "Act"). That argument has been soundly rejected by the D.C. Circuit Court: "If a party could unilaterally release itself from a contractual pledge to submit complaints to arbitration simply

because it had a parallel claim under the statute, then the pro-private dispute resolution policies of § 203(d) would be substantially abrogated." *Hammontree v. N.L.R.B.*, 925 F.2d 1486, 1494, 288 U.S.App.D.C. 266, 274 (D.C. Cir. 1991). Applying additional *Hammmontree* language to Cabrera's waiver argument helps clarify the problem with that argument. "Contrary to [Cabrera's] implication, the CBA and the Act are independent sources of law governing the workplace. [Cabrera] cannot nullify his contractual [obligation to grieve and arbitrate] simply by choosing to pursue his [unfair labor practice] claim [with the NLRB]." *Id.*

Moreover, the undisputed facts are that Local 1107 consistently sought adherence to the grievance and arbitration provisions of the CBA. Plaintiffs refused (*see* argument supra) or ignored the right to arbitration. *See e.g.* ECF No. 168-2 at 83 ("In accordance with Article 11, Step 3 of the Staff Union CBA, the Staff Union, on behalf of Mr. Cabrera, may make a written request for arbitration within five (5) working days of receipt of this Step 2 decision.") Pursuant to *Stupy*, Plaintiffs are barred from asserting breach of contract claims because they failed to follow the CBA resolution process and exhaust CBA contractual remedies.

**5.**   **Plaintiffs engage in cognitive dissonance by arguing that Articles 8 (Management Rights) and 22 (Bilingual Pay) save their Section 301 claim asserting a breach of contract for discrimination.**

The Court got it right on Miller's Section 301 claim. Plaintiffs relied upon FAC pleaded repudiation allegations in an effort to avoid summary judgment on all contract related claims. *See* Order, ECF No. 224 at 9:5-10. "A motion for reconsideration should not be used to make new arguments or ask the Court to rethink its analysis." *Nasby v. McDaniel*, 2016 WL 9223826, at *1 (D. Nev. 2016), *citing N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). As such, Plaintiffs new arguments are improper and should be rejected.

Even if not rejected for their newness, Plaintiffs' arguments are soundly defeated because their claimed breaches of Articles 8, 22 and 24 of the CBA are not rooted in the articles themselves. Rather, Plaintiffs' arguments are premised on their claimed contract breach for discrimination on

Articles 8, 22 and 24. Paragraph 108 from the FAC proves the matter and supports the Court's

Order dismissing the FAC's Fifth Cause of Action. That Paragraph reads as follows:

> The SEIU International Trustees over Local 1107 breached Articles
> 1, 2, 8, 22 and 24 of the NSEUSU CBA ***by discriminating against***
> ***Mrs. Miller because of her physical disability*** when changing the
> "necessary qualifications" of the front desk position upon her request
> for reasonable accommodations, without authority and in violation of
> the succession clause, to requiring Spanish speaking bilingualism to
> circumvent the NSEUSU as the exclusive bargaining representative
> for full-time administrative staff, and to displace a bargaining unit
> employee.

FAC, ECF No. 27 at 20 ¶ 108 (emphasis added). In other words, Plaintiffs allege that but for a

breach of the anti-discrimination provisions of Articles 1 and 2, no breaches of Articles 8, 22, or

24 would have existed. Indeed, Paragraphs 9 and 10 of the FAC link Articles 22 and 24 of the CBA

directly to "reasonable accommodations" and "necessary qualifications" for Miller's disability.

Plaintiffs' new effort to rebrand the disability breach of contract claim as breaches of other CBA

articles must denied because Plaintiffs' grievance and breach of contract claim only concerned the

alleged conduct as it relates to Miller's disability. Indeed, the Staff Union said so in its deposition:

> Q.  Do you agree with me that Nilda Mason was the person filling the
> front desk position when Ms. Miller requested to be transferred to
> the front desk position?
>
> A.  Yes.
>
> Q.  And you'd agree with me that Nilda Mason is a member of the Staff
> Union?
>
> A.  Yes.
>
> Q.  Did the Staff Union support Nilda Mason in her fulfilling the duties
> of the front desk position?
>
> A.  Yes.
> …
> Q.  Did the Staff Union ever disapprove of Nilda Mason's ability to
> speak both Spanish and English?

1

2

Q.     Do you have any facts that indicate – indicated Local 1107 refused to transfer Ms. Miller to the front desk position for the, quote, sole purpose of displacing a bargaining unit employee?

3

A.     No.

4

ECF No. 168-2 at 119:3-24; 120:25-121:16.

5

6

7

8

9

These questions and answers are also of particular importance to the Plaintiffs' Eighth Claim for Relief because the Staff Union agrees that a Staff Union Member occupies the front desk position and that no evidence exists to support a claim that Local 1107 sought to displace a Staff Union member by refusing to give Miller the front desk position that was then occupied by Nilda Mason whom the Staff Union claims to have supported.

10

**II**

11

**CONCLUSION**

12

13

14

15

No dispute of fact exists, Local 1107 offered and Plaintiffs refused to participate in the grievance and arbitration provisions of the CBA. The Court must apply its findings to the law and adjust its Order so as to limit trial issues by removing contract claims that are legally prohibited. In addition, the Court's Order dismissing the Fifth Cause of Action is correct.

16

17

Dated April 28, 2021.                    CHRISTENSEN JAMES & MARTIN

18

19

By:___*/s/ Evan L. James*_____

Evan L. James, Esq.

20

Nevada Bar No. 7760

7440 W. Sahara Avenue

21

Las Vegas, NV 89117

22

Tel.: (702) 255-1718

Fax: (702) 255-0871

*Attorneys for Local 1107*

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I am an employee of Christensen James & Martin and caused a true and correct copy of the foregoing document to be served in the following manner on the date it was filed with the Court's ECF System.

☑   ELECTRONIC SERVICE:  Through the Court's E-Filing System to the following:

__   VIA UNITED STATES MAIL:

Michael J. Mcavoyamaya, Esq.          Email copy to: mcavoyamayalaw@gmail.com
4539 Paseo Del Ray
Las Vegas, NV 89121

Jonathan Cohen, Esq.                  Email copy to: jcohen@rsglabor.com
Eli Naduris-Weissman, Esq.            Email copy to: enaduris-weissman@rsglabor.com
Carlos Coye, Esq.                     Email copy to: ccoye@rsglabor.com
Rothner, Segall & Greenstone
510 South Marengo Avenue
Pasadena, California 91101-3115

CHRISTENSEN JAMES & MARTIN

By:___/s/ Evan L. James_____
    Evan L. James