MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
4539 Paseo Del Ray
Las Vegas, Nevada 89121
Telephone:	(702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**
\* \* \* \*

| | |
|---|---|
| JAVIER CABRERA,<br><br>              Plaintiff,<br><br>vs.<br><br>SERVICE EMPLOYEES<br>INTERNATIONAL UNION, *et al*,<br><br>              Defendants. | Case No: 2:18-cv-00304-RFB-CWH<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' COUNTER-MOTION FOR RECONSIDERATION** |

     COME NOW, Plaintiffs, by and through their attorney of record, MICHAEL MCAVOYAMAYA, ESQ., and hereby submit this Reply in Support of Motion to Reconsider ECF No. 230.

     DATED this 4th day of May, 2021.

                                /s/ Michael J. Mcavoyamaya
                                _____
                                MICHAEL J. MCAVOYAMAYA, ESQ.
                                Nevada Bar No.: 014082
                                4539 Paseo Del Ray
                                Las Vegas, Nevada 89121
                                Telephone:	(702) 299-5083
                                Mmcavoyamayalaw@gmail.com
                                *Attorney for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  LEGAL ARGUMENT**

**A.  Defendants Acknowledge That They Are Repeating Arguments Already Presented To This Court In Their Prior Motions.**

Reconsideration is not intended for parties to relitigate matters already presented to the Court. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Kahue v. Pac. Envtl. Corp.*, No. 10-00001 LEK-KSC, 2012 U.S. Dist. LEXIS 10483, at *5-7 (D. Haw. Jan. 30, 2012). Reconsideration is not intended to permit parties to request that the Court explicitly rule on the merits of unmeritorious argument. *Id.* Defendants argue that the Court did not explicitly rule on the merits of certain arguments raised in their Motion for Summary Judgment, however, "such finding is subsumed within the Court's ruling that" Defendants' Motion for Summary Judgment was granted in part and denied in part. *Id. see also* Order, (ECF No. 224), at 10. The SEIU and Local 1107 Defendants' only arguments in their Motion for Reconsideration ("MFR") is that "that the Court's purported failure to analyze explicitly every argument and piece of evidence that [the parties] submitted necessarily means that the Court did not consider" that evidence and argument at all. *Garcia v. Shasta Bevs., Inc.*, No. 2:19-cv-07798-JWH-AFMx, 2021 U.S. Dist. LEXIS 75388, at *9 (C.D. Cal. Feb. 25, 2021). Like the local rule in *Garcia*, this Court's Local Rule 59-1 expressly prohibits a party moving for reconsideration from repeating "arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." *See* LR 59-1.

Despite this fact, Defendants willfully defy Local Rule 59-1. The SEIU Defendants admit that "the purpose of the motion was to call attention to previously-made arguments that were not ruled on." *See* ECF No. 233, at 1:27-28 n1. Calling attention to prior arguments is repeating arguments already presented to the Court, and expressly barred by LR 59-1. Similarly, the Local 1107 Defendants acknowledge that it is "Asking the Court to apply the law to the facts it found to

be undisputed," arguing that the Court's understanding of the facts is correct but nevertheless disagreeing with the conclusion of the Court in sending the claims to trial. *See* ECF No. 234, at 2:11-22. Local 1107 also acknowledges that SEIU "argues that that the Court needs to address certain matters" previously argued in their Motions for Summary Judgment. *Id.*

"Courts are not obligated to explain every conceivable basis for their decisions, and, moreover, a court's decision not to address explicitly certain evidence or arguments in a written order does not mean that the court failed to consider that evidence or those argument in its ruling." *Kahue*, No. 10-00001 LEK-KSC, 2012 U.S. Dist. LEXIS 10483, at *5-7. It would be improper for the Court "to conduct a post hoc examination of [it's] reasoning and conclusions regarding the sufficiency of the arguments and evidence that were presented in connection with the Original Motion. That role is reserved to the Ninth Circuit." *Garcia*, No. 2:19-cv-07798-JWH-AFMx, 2021 U.S. Dist. LEXIS 75388, at *9.

While the list of reasons for reconsideration established by the Ninth Circuit is not exhaustive, reconsideration is warranted only in "other, highly unusual, circumstances." *McCurry v. Bank of Am., N.A.*, No. 2:16-cv-00191-RFB-PAL, 2017 U.S. Dist. LEXIS 78309, at *13-14 (D. Nev. May 22, 2017). On the other hand, however, "a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief." *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *W. Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005).

"The fact that a litigant disagrees with the court's decision does not entitle the litigant to relief—he or she must present a legitimate basis for the court to reconsider its decision." *Id.* Here, Defendants only basis for reconsideration is that the Court did not explicitly discuss all their "previously-made arguments" in their Motion for Summary Judgment. *See* ECF No. 233, at 1:27-28 n1; ECF No. 234, at 2:11-22. The Court expressly discussed the exhaustion defense in its ruling when dismissing Plaintiff Miller's claims, clearly, the Court has considered the issue of exhaustion

and rejected it for Plaintiff Cabrera's claims. *See* Order, (ECF No. 224), at 9:5-11. Defendants' MFR and Replies add nothing new to their prior arguments, and as such, Defendants have not raised an appropriate issue for reconsideration of the Court's order denying summary judgment on Plaintiffs' claims. *See* ECF No. 233, at 2:1-4:3; *see* ECF No. 234, at 2:11-9:10.

The fact of the matter is that after imposition of the trusteeship the trustees refused to follow the grievance and arbitration procedure, and refused to bargain an alternative procedure with Plaintiff NSEUSU. *See* ECF No. 172, at 11:17-27. Instead, the Local 1107 trustees decided on a unilateral alteration of the grievance procedure, which the SEIU Defendants classify as "accommodation," which NSEUSU was not willing to accept without bargaining. *Id. see also* ECF No. 233, at 4:5012. As such, Defendants repudiated the grievance procedure in refusing to permit Step 2 to be heard by a panel, and subjected itself to the jurisdiction of this court. *Id*. If Defendants had truly wished to preserve arbitration of grievances filed by the NSEUSU, the Local 1107 Trustees should have, and could have negotiated an agreed upon accommodation after imposition of the trusteeship. *Id.* Instead, the Trustees unilaterally determined that "the grievance procedure was 'legally impossible to adhere to,'" and refused to bargain the issue, constituting repudiation. *See* ECF No. 199, at 5:23-28; *see also* ECF No. 199-24, at CMM184.

Defendants' actions thereafter demanding arbitration post-repudiation does not preserve their defense. Indeed, as the Supreme Court explained in *Vaca v. Sipes*, 386 U.S. 171 (1967), the repudiation exception to the exhaustion requirement under Section 301 is akin to estoppel, where, due to conduct that "amounts to a repudiation of those contractual procedures . . . the employer is estopped by his own conduct to rely on the unexhausted grievance and arbitration procedures as a defense to the employee's cause of action." *Id.* at 185.

Here, the CBA requires grievances to be heard by the President of Local 1107 at Step 1, and a panel of Local 1107 Board members at Step 2. *See* CBA, (ECF No. 230-2), at CMM7906-07. Defendants have failed entirely to even attempt to explain why a panel of former board

members could not have been convened to hear the grievance, nor why they refused to negotiate the issue. Later on in the trusteeship, as Plaintiff noted, the SEIU trustees "formed Local 1107's 'Committee on the Future' ("COF") to amend Local 1107's Constitution and Bylaws and set rules for the coming election." *See* ECF No. 199, at 14:20-24. The COF was comprised of member leaders, including numerous former board members. *Id.* Defendants failed to even attempt to respond to that argument and evidence, instead asserting that by seeking arbitration post-repudiation of the grievance procedure somehow cures their repudiation. *Id. see also* ECF No.234, at 2-8. It does not.

Local 1107 asserts that Plaintiffs cited to no evidence of repudiation, yet ignore the letters of their own clients saying the grievance procedure was impossible to adhere to. *See* ECF No. 199, at 5:23-28; *see also* ECF No. 199-24, at CMM184. Local 1107's desire to ignore the evidence presented, and failure to address arguments raised pursuant to that evidence resulted in rejection of the defense, and reconsideration is not warranted. In sum, all the arguments and citations to case law in Defendants' Motions for Reconsideration, Replies and Response were either already raised in their Motion for Summary Judgment, or could have been raised earlier, and were discussed at the hearing on the motions. As such, Defendants have raised no legitimate issue for this Court to reconsider and their Motions should be denied.

**B. Defendants Have Raised No Legitimate Issue To Reconsider Denial Of Summary Judgment On The Eighth Claim For Relief And Plaintiff Miller's §301 Claim Should Be Reinstated.**

Plaintiff Miller has raised an issue of the Court's clearly erroneous application of fact in dismissing Plaintiff's §301 claim for breach of Articles 8 and 22, which were undisputedly outside the grievance and arbitration framework of the CBA. *See* Order, (ECF NO. 224), at 3:26-4:2. SEIU asserts that "In a pattern repeated at every stage of briefing, Plaintiffs make no attempt to respond to SEIU's arguments regarding whether Plaintiffs can establish a genuine issue of material fact on the Eighth Cause of Action brought by NESUSU." *See* ECF No. 233, at 6:13-17. According to

SEIU they made four arguments for dismissal of the Eighth Claim for relief. *See* ECF No. 233, at 6:14-28. However, the SEIU Defendants did not actually make some of these arguments in their Motion for Summary Judgment on the Eighth Claim, and certainly did not prove there was no issue of material fact relating to the eighth claim for relief. *See* **Ex. 1,** at 36-38.

The SEIU Defendants advanced a single argument to justify dismissing the Eighth Claim, mootness. *Id.* Defendants did advance the management rights argument in relation to Plaintiff Miller's §301 LMRA claim. *Id.* at 31-32 n20. However, the evidence used in support of that argument rendered it meritless. *Id.* Both Local 1107 and SEIU argued that the §301 claim would fail because Article 8 grants Local 1107 broad management rights that "shall not be subject to the grievance and arbitration provisions of this Agreement." *Id.* Because breach of Article 8 is not subject to grievance or arbitration, bringing the claim in this Court without filing a grievance on that article, or seeking arbitration was undisputedly permissible. *Id.* Further, Plaintiffs sought to grieve the issue itself under Articles 1 and 2 and any other applicable provisions, and Defendants refused to hear the grievance by asserting it was in the jurisdiction of the EEOC, and that issues arising under Article 8 are expressly excluded "from grievance and arbitration and from bargaining." *See* ECF No. 198, at 31:7-14; *see also* ECF No. 168, at 12:1-21; *see also* ECF No. 172-24, at CMM186. Since Local 1107 would not grieve the matter under the other articles of the CBA cited, and repeatedly asserted that Article 8 was outside the grievance and arbitration procedure, Plaintiffs brought the claim in this Court. *Id.*

Defendants charge that "The Court has not ruled on these arguments, and Plaintiffs have never responded to them, nor shown evidence supporting their claims." *See* ECF No. 233, at 7:1-3. However, Plaintiffs did respond to the mootness and waiver arguments. *See* ECF No. 200, at 24:1-30:6; ECF No. 198, at 30:24-31:28. Plaintiffs did not respond extensively to the argument regarding failure to file a grievance for the claim alleging breach of Article 8 or 22 because it was undisputed by all parties that disputes relating to Article 8 and 22 were not "subject to the grievance

and arbitration provisions of this Agreement." *See* SEIU MSJ, attached as **Exhibit 1**, at 31-32 n20. Indeed, Plaintiffs raised Blue's affidavit asserting claims arising from Article 8 were not subject to grievance and arbitration, and cited to several letters where Local 1107 affirmed that to be the case. *See* ECF No. 172, at 36:11-27. In fact, one of those letters where Local 1107 made that argument was in response to Plaintiff Miller's initial grievance, making it abundantly clear that Local 1107 would not grieve the issue under Article 8. *See* Miller Step 1 Letter, (ECF No. 172-24), at CMM186. The Court even noted that it was undisputed that "Luisa Blue also noted that there is no jurisdiction under the CBA to grieve matters subject to management rights because management rights are expressly not subject to grievance under Article 8 of the CBA." *See* Order, (ECF No. 224), at 3:25-4:2. Therefore, to seek redress for breach of Article 8, Plaintiffs' only option was to file a lawsuit in this Court.

The only actual merits based argument Defendants raised on the issue was that Article 8 granted the trustees "unilateral right to hire temporary employees." *Id.* Defendants did not credibly address the fact that Article 8 expressly limits Local 1107 management from hiring temporary employees for the purpose of displacing a bargaining unit employees, which is the claim that has been alleged. *See* CBA, (ECF No. 230-2), at CMM7903. It is that part of Article 8 that Plaintiffs have sued for, as expressly alleged in both the Fifth and Eighth claims for relief. *See* FAC, (ECF No. 27), at 18:10-21:24, 32:1-33:12. Because Defendants did not advance any legitimate argument or evidence for why the Eighth Claim should be dismissed, its not surprising that the Court did not dismiss the claim. On summary judgment, it is Defendants' burden to demonstrate that there is no issue of material fact and they are entitled to judgment as a matter of law. Clearly, Defendants failed to meet that burden with the Eighth Claim for relief.

Local 1107's argument that Plaintiffs relied on the pleadings rather the evidence is similarly meritless. Plaintiffs' Motion for Summary Judgment and Responses to Defendants' Motions included numerous letters where Local 1107 expressly stated it would not follow the

grievance procedure, that following it was "legally impossible," and refusing to negotiate the matter. *See* Pltfs' MSJ, (ECF No. 172), Exhibits 24, 25, 26, 27, 28, 31, at 12:1-15:20. Defendants ignore all this evidence when making their arguments again here. As such, because Defendants simply attempt to reargue the same issues argued in their Motion for Summary Judgment in this Motion for Reconsideration, their Motion must be denied. *See* LR 59-1.

Defendants argue that despite the fact that Article 8, Management Rights, makes disputes arising out of the managements rights clause not subject to the grievance and arbitration procedure, Defendants attempt to argue that such disputes are nonetheless subject to mandatory grievance and arbitration. *See* ECF No. 233, at 7:10-8:28; ECF No. 234, at 2-8. Defendants classify this as a "new argument." *Id.* at 7:23-24. Plaintiffs' claim is related expressly to Local 1107's reserved right to hire temporary employees and thus not subject to the grievance and arbitration procedure. *See* ECF No. 230-2, at CMM7903. This argument is not new. Rather, it was a matter that was undisputed, as Defendants expressly argued that claims arising out of Article 8 "shall not be subject to the grievance and arbitration provisions of this Agreement." *See* **Ex. 1,** at 31-32 n20. Clearly, the Court has misunderstood the issue of grievability of claims arising from Article 8 and 22, as the Court dismissed Plaintiff Miller's §301 claim alleging breach "of Article 8, 22, and 24" for failure to file a grievance. *See* Order, (ECF No. 224), at 9:5-11. Article 24 of the CBA is not excluded from the grievance and arbitration procedure, and dismissal of that part of the claim was not clear error that would be a proper subject of reconsideration.

However, dismissal of Plaintiff Miller's §301 claim for breach of Articles 8 and 22 is clearly erroneous as it was undisputed that Articles 8 and 22 were excluded from the grievance and arbitration procedure, and Plaintiffs presented significant evidence demonstrating that the Local 1107 trustees had repeatedly cited Article 8 asserting that matters arising from it was not subject to grievance and arbitration. *See* **Ex. 1,** at 31-32 n20; *see also* ECF No. 230-4, at CMM204. Indeed, Defendants' February 13, 2018 letter expressly asserted that "Article 8 of the CBA

contains an expansively broad management rights clause," and that Section 3 of Article 8 "expressly excludes management rights from grievance and arbitration and from bargaining." *See* ECF No. 230-4, at CMM204. "The grievance as filed essentially objects to the exercise of these unilateral management prerogatives, which are matters that are expressly removed from the grievance and arbitration framework." *Id.*; Miller Step 1 letter, ECF No. 172-24, at CMM186.

This same exclusive management rights argument was advanced by both the SEIU and Local 1107 Defendants in their motions for summary judgment based on testimony of Luisa Blue. *See* **Ex. 1,** at 31-32 n20; *see also* L1107 MSJ, (ECF No. 168), at 26:8-16. By arguing that Articles 8 and 22 were outside of the grievance and arbitration procedure, Defendants effectively conceded that claims alleging breach of Articles 8 and 22 could not be dismissed for failure to file a grievance alleging breach of those articles, nor seeking arbitration. Plaintiffs did not see a need to focus significant amount of argument in their motions or responses on the notion that a grievance needed to be filed to pursue those claims in federal court because it was undisputed.

Indeed, the Supreme Court has long held that when parties to a CBA expressly exclude matters from grievance and arbitration, disputes arising from those excluded matters are immediately actionable in federal court. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960). Defendants do not appear to dispute this fact. Instead, Defendants seek to misrepresent the facts of *United Steelworkers* to fit their argument that "the application of a management right's clause to subcontract *is subject to the presumption or arbitrability*, despite the CBA's statement that 'matters which are strictly a function of management shall not be subject to arbitration under this section.'" *See* ECF No. 233, at 8:9-13. What the Supreme Court in *United Steelworkers of Am.* actually held was that "*In the absence of any express provision excluding a particular grievance from arbitration*, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad." 363 U.S. at 575 (emphasis added). The provision at issue in

*United Steelworkers of Am.* stated ""Issues which conflict with any Federal statute in its application as established by Court procedure or *matters which are strictly a function of management* shall not be subject to arbitration under this section." *Id.* at 574 (emphasis added). "To be sure, the agreement provides that 'matters which are strictly a function of management shall not be subject to arbitration.' But it goes on to say that if 'differences' arise or if 'any local trouble of any kind' arises, the grievance procedure shall be applicable." *Id.* at 583.

Here, unlike in *United Steelworkers of Am.*, there are two express exclusion clauses that are not ambiguous. *See* CBA, (ECF No. 230-2), at CMM7930, CMM7920. Unlike the clause in *United Steelworkers of Am.*, which only generally referenced functions of management, the clauses at issue in this case expressly exclude disputes arising from Articles 8 and 22 from grievance and arbitration making them immediately actionable in court. Similarly, the arbitration clause in this case is not similarly broad as the clause in *United Steelworkers*. Article 11, the grievance and arbitration procedure, expressly states that "A grievance shall not be defined to include any matter or action taken by the Employer or its representatives…specifically excluded from grievance and arbitration by other provisions of this Agreement." *See* CBA, ECF No. 230-2), at CMM7906. Issues arising out of Articles 8 and 22 are not subject to the grievance and arbitration procedure, which Defendants did not dispute, argued themselves before this action commenced and on summary judgment, and cannot walk back those arguments now. As such, Plaintiff Miller's Motion for Reconsideration should be granted.

C. **The Eighth Claim Alleges A Continuing Breach.**

Defendants argue that the Eighth Claim for relief only relates to a single employee. Even if that were the case, which it is not, it does not matter as Plaintiff may still seek relief for damage resulting from the loss of that single bargaining unit employee. Further, Plaintiff alleged a continuing breach. A "continuing breach" is "[a] breach of contract that endures for a considerable time or is repeated at short intervals." *Schreiner Farms, Inc. v. Am. Tower, Inc.*, 173 Wash. App.

154, 161, 293 P.3d 407, 411 (2013). Continuing breach is a recognized theory in contract law. When a plaintiff alleges a continuing breach, it is not necessary to continue to amend the complaint in perpetuity every time repeated breaches occur. *Id. see also Rutherford v. FIA Card Servs., N.A.*, No. CV 11-04433 DDP, 2012 U.S. Dist. LEXIS 164287, at *10 (C.D. Cal. Nov. 16, 2012).

Here, Plaintiffs alleged that they had "suffered and will continue to suffer lost dues revenue *from the termination and/or loss of NSEUSU bargaining unit employees* in an amount to be proven at trial." *See* FAC, (ECF No. 27), at ¶182 (emphasis added). Plaintiffs alleged a continuing breach of the CBA and loss of bargaining unit employees from Defendants' breach of the CBA, and Defendants have continued to breach the contract and systematically eliminated NSEUSU bargaining unit employees during the pendency of this action.

Defendants only argument on the merits of the §301 claim advanced by Defendants other than the fact that claims arising from Article 8 and 22 are not subject to grievance or arbitration, was that Plaintiff's claim is not actionable because of the time of hiring the employee in the front desk position. *See* **Ex. 1,** at 31-32 n20; *see also* ECF No. 233, at 6:14-7:1.  However, that timing does not establish that Defendants seeking to hire a temporary employee in the front desk position was not for the purpose of displacing a bargaining unit employee. In contrast, Plaintiffs presented testimony of a former SEIU International employee assigned to Local 1107 during the trusteeship, Barry Roberts, who testified that "normally under a trusteeship, they normally wipe out the entire staff." *See* ECF No. 199, at 15:11-17:14. Plaintiffs presented emails between the SEIU International officials, including Luisa Blue, the trustee, that she was "on the program to get rid of staff quickly. She is documenting the staff," corroborating Roberts' testimony. *Id.* Those same emails refenced the hiring of temporary employees to replace NSEUSU employees. *Id.* Roberts also testified that the trustees were targeting certain bargaining unit employees, including Plaintiff Miller. *Id.* Plaintiffs also presented clear evidence that the deputy Trustee, Martin Manteca, had put numerous non-Spanish speaking employees in the front desk position before Plaintiff

NSEUSU requested that Plaintiff Miller be given the position as an accommodation. *Id.* at 5:6-22. These facts and the evidence supporting them unquestionably create an issue of material fact regarding whether Defendants were using temporary staff for the purpose of displacing bargaining unit employees, and Defendants failed to address this evidence. It is thus for the jury to decide in Defendants' excuses are credible.

### D. **Defendants Reargue The Same Matters Raised In Regards To The Second, Third and Eleventh Claims.**

Defendants continue to rehash the very same arguments made in their Motion for Summary Judgment simply because this Court failed to expressly address each of their unmeritorious arguments. *See* ECF No. 233, at 9:13-18. Indeed, Defendants admit that "Because the Court did not rule on SEIU's arguments regarding Plaintiff Miller's discrimination harassment and retaliation theories, SEIU sought clarification of the Court's order." *Id.* However, the Court's order does not need clarification. The Court ordered that Defendants' Motions "are DENIED in part. The Court grants Defendants' motion for summary judgment with respect to Plaintiff Miller' Section 301 Claim and Claim regarding CBA violation of Article 8, 22, and 24." *See* Order, (ECF No. 224), at 10:12-16. The Court denied Defendants' motions in all other respects. *Id.*

Plaintiff Miller presented evidence that Defendants had non-Spanish speaking employees in the front desk position during the trusteeship, negating the excuse of not accommodating Plaintiff's request for transfer to the desk position. *See* ECF No. 199, at 5:6-22. Plaintiff presented evidence that the Trustees believed the 2015 and 2017 policies were applicable to both Local 1107 and NSEUSU, and that those policies required Local 1107 to assist employees with medical disabilities in finding an open position they can perform. *Id.* at 6:23-7:21. Plaintiff presented evidence that Plaintiff requested a desk job, not simply the front desk position. *Id.* Plaintiff presented evidence that the trustees knew there were open front desk positions. *Id.* Plaintiff presented evidence that despite Luisa Blue being a nurse who unquestionably knew that diabetes is a permanent condition, Local 1107 maintained that Plaintiff Miller had no disability based on a

part of her doctor's note referencing temporary disability, refusing throughout the process to even acknowledge that Plaintiff had a qualifying disability. *Id.* at 20:16-28. Plaintiff presented evidence that the Local 1107 trustees demoted both Plaintiff Miller, and another Local 1107 lead organizer, and changed Plaintiff Miller's organizing territory to a larger campus, which would require Plaintiff to be on her feet even longer than previously. *Id.* at 23:8-26:19. There was a wealth of evidence that Defendants retaliated against Plaintiff Miller for requesting accommodations and Defendants failed to address that evidence. As such, reconsideration is not warranted.

### E. The Court's Single Employer Alter-Ego Ruling Was Not Clearly Erroneous.

Defendants again cite to the same "double-breasting" case law cited in their Motion for Summary Judgment, and Motion for Reconsideration. *See* ECF No. 233, at 10:9-12:28. Defendants assert that "The fact that these cases often arise in the 'double-breasting' context does not undermine their applicability to Plaintiffs' claims." *Id.* at 12:24-28. Yet Defendants fail to cite a single case where their additional requested factors applied outside of a double breasting case. *Id.* at 10:9-12:28. Further, Defendants do not even attempt to address the fact that the "single employer" test, and the NLRB's "alter-ego" test, which includes the additional factor a "sham effort to avoid collective bargaining obligations" also known as a showing of a single bargaining unit, are both acceptable alter-ego theories before the NLRB. *See UA Local 343 of the United Ass'n of Journeymen & Apprentices v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1470 (9th Cir. 1995).

Defendants' requested double breasting alter-ego analysis fails because it only applies when an employer seeks to use a subsidiary to circumvent a bargaining unit via a subsidiary. *Id.* That analysis does not apply here because it is not being alleged that SEIU used Local 1107 to circumvent a bargaining unit. Rather, it is alleged that SEIU was in direct control of Local 1107 at the time these violations occurred, that the single employer elements are met, and as such, SEIU is liable for the misconduct of their employees and leaders running Local 1107 at the time these violations occurred. As such, reconsideration is not warranted.

## II. CONCLUSION

Therefore, based on the foregoing, Plaintiffs respectfully request this Court **DENY** Defendants' Motion for Reconsideration and **GRANT** Plaintiffs' Counter-Motion for Reconsideration of the dismissal of Plaintiff Miller's §301 claim.

Dated this 4th day of May 2021.

/s/ Michael J. Mcavoyamaya
_____
MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
4539 Paseo Del Ray
Las Vegas, NV, 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of May 2021, the undersigned served the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF COUNTER-MOTION FOR RECONSIDERATION** on all counsel herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.

CHRISTENSEN JAMES & MARTIN
EVAN L. JAMES, ESQ. (7760)
KEVIN B. ARCHIBALD, ESQ. (13817)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com, kba@cjmlv.com
Attorneys for Defendant Service Employees International Union

Dated this 4th day of May, 2021.

/s/ Michael J. Mcavoyamaya
_____
MICHAEL MCAVOYAMAYA, ESQ.
Nevada Bar No.: 014082
4539 Paseo Del Ray
Las Vegas, NV, 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*