MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
4539 Paseo Del Ray
Las Vegas, Nevada 89121
Telephone:     (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \*

JAVIER CABRERA,

                Plaintiff,

vs.

SERVICE EMPLOYEES
INTERNATIONAL UNION, *et al*,

                Defendants.

Case No: 2:18-cv-00304-RFB-CWH

**PLAINTIFFS' REPLY TO SEIU'S
RESPONSE (ECF NO. 237) IN
SUPPORT OF PLAINTIFFS'
COUNTER-MOTION FOR
RECONSIDERATION**

COME NOW, Plaintiffs, by and through their attorney of record, MICHAEL MCAVOYAMAYA, ESQ., and hereby submit this Reply to SEIU's Response (ECF No. 237) in Support of Motion to Reconsider.

DATED this 11th day of May, 2021.

/s/ Michael J. Mcavaoyamaya
_____
MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 014082
4539 Paseo Del Ray
Las Vegas, Nevada 89121
Telephone:     (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   LEGAL ARGUMENT

Defendants' Motion for Reconsideration, and Response to Plaintiff Miller's counter-motion for reconsideration seeks to argue the exact opposite position of what they argued in their Motion for Summary Judgment with regards to claims alleging breach of Articles 8 and 22 of the NSEUSU CBA. Defendants also seek to advance the position that after Local 1107, through the SEIU International Trustees, repeatedly asserted that "because of the imposition of a trusteeship over Local 1107 by the Service Employees International Union, the grievance framework outlined under Article 11 of the CBA is now legally impossible to adhere to," and unilaterally altering the procedure without bargaining with the NSEUSU, they can subsequently demand arbitration despite both refusing to adhere to the grievance and arbitration procedure in the CBA and refusing to bargain a joint resolution for potentially modifying the procedure during the trusteeship. *See* L1107 Letter to Miller, 1/3/18, attached as **Exhibit 1,** at CMM184; *see also* ECF No. 237, at 1:2-2:12; *see also* Pltf Miller's Resp. SEIU MSJ Ex. 24, (ECF No. 199-24), at CMM184; *see also* Pltfs' Resp. SEIU MSJ, (ECF No. 199), at 5:23-6:5; *see also* NSEUSU Resp. MSJ, (ECF No. 200), at 6:20-7:2; *see also* NSEUSU Resp. MSJ Ex. 24, (ECF No. 200-24), at CMM184; *see also* Pltf Miller's Resp. L1107 MSJ, (ECF No. 198), at 6:20-7:2; *see also* Pltf Miller's Resp. L1107 MSJ Ex. 24, (ECF No. 198-24), at CMM184. Such is not the case.

Once Local 1107 asserted that it was legally impossible to adhere to the grievance and arbitration procedure in the CBA, refused to follow the grievance and arbitration procedure as it was written, and refused to negotiate a joint resolution to account for imposition of the trusteeship, Local 1107 repudiated the grievance and arbitration procedure. *Id.* In fact, as outlined extensively in Plaintiffs' Motion for Summary Judgment, and Responses to Defendants' Motions for Summary Judgment, Plaintiff NSEUSU actually filed a grievance regarding Local 1107's failure to follow the grievance and arbitration procedure, sought to negotiate the issue, and Local 1107, through the SEIU International trustees, repeatedly refused Plaintiffs' requests resulting in repudiation. *See* Grievance Procedure Grievance, attached as **Exhibit 2,** at Local – 0037; *see also*

Grievance Procedure Email, attached as **Exhibit 3,** at Local – 0836; *see also* Pltfs' Resp. SEIU MSJ, (ECF No. 199), at 5:23-6:5; *see also* Pltf Miller's Resp. SEIU MSJ Ex. 26, (ECF No. 199-26), at Local - 0037; *see also* Pltf Miller's Resp. SEIU MSJ Ex. 27, (ECF No. 199-26), at Local - 0836; *see also* NSEUSU Resp. MSJ, (ECF No. 200), at 6:20-7:2; *see also* Pltf Miller's Resp. L1107 MSJ, (ECF No. 198), at 6:20-7:2. Local 1107 was given every opportunity to adhere to the grievance and arbitration procedure, and/or bargain a modification to the procedure and refused every request. Indeed, Plaintiff NSEUSU's grievance filed on behalf of all the NSEUSU members expressly cited to Local 1107's October 29, 2017 letter to Debbie Miller asserting it would not follow the grievance and arbitration procedure and requested negotiation:

> NSEUSU has filed a grievance on behalf of Debbie Miller on October 29, 2017. Martin Manteca responded to our request for a Step 1 on November 15, 2017 stating " ... 1 will act in the capacity as the SEIU Local 1107 President for Step 1's and the Executive Vice President. Luisa Blue, will act in the capacity as the Executive Board panel for Step 2's." ***This is a violation of Article 11 and we will not agree to it.*** The Article clearly states: " ... a panel of 3 to 5 members from the Executive Board of SEIU Local 1107, exclusive of the SEIU Local 1107 President will meet with the affected employee and his/her Union representative to try to resolve the problem." ***Nowhere in the CBA are trustees given rights to alter the Articles in the CBA.***

*See* **Ex. 2,** at Local – 0037.

Plaintiff NSEUSU expressly requested "That NSEUSU and SEIU Local1107 obtain a list of all former EBoard members and through the striking process, mutually agree upon a panel of 3 to 5 members. This panel should be approximately 1/2 public sector and 1/2 private sector." *Id.* The request was reasonable, and in accordance with the CBA grievance procedure. *Id.* Local 1107 refused to negotiate, and refused to follow the grievance and arbitration procedure resulting in express repudiation. As such, Plaintiffs were permitted to pursue all their claims in this Court after repudiation of the grievance and arbitration procedure. Defendants had no authority to force arbitration pursuant to a grievance and arbitration procedure they refused to follow over numerous requests by Plaintiffs to follow the procedure as it was written, resulting in repudiation.

Despite this fact, the SEIU Defendants continue to assert that they could demand adherence to the grievance and arbitration procedure in the CBA asserting that it was "Plaintiff Nevada Service Employees Union Staff Union ("NSEUSU") and co-Plaintiffs Debbie Miller and Javier Cabrera have done everything possible to avoid arbitration of their CBA-based claims." *See* ECF No. 237, at 1:5-7. Such was not the case. Plaintiffs sought adherence to the grievance and arbitration procedure and after Defendants repudiated the grievance procedure, Plaintiffs permissibly brought their claims before this Court.

Plaintiff Miller has sought reconsideration of this Court's dismissal of her §301 LMRA claim in her counter-motion filed in concurrence with Plaintiffs' Response to Defendants' Motions for Reconsideration. Plaintiff's counter-motion raises an issue regarding this Court's clear error when applying undisputed facts to Plaintiff Miller's §301 LMRA claim when it dismissed the claim for failure to file a grievance alleging breach of "Article 8, 22, and 24" of the CBA in this case. *See* Order, (ECF No. 224), at 9:5-11. When discussing the undisputed facts in its order, this Court clearly noted that "On January 3, 201[8], Trustee Luisa Blue wrote a letter to Miller through counsel asserting that after reviewing the grievance, it was not cognizable because it asserted matters that are not subject to grievance and arbitration under the CBA. Luisa Blue also noted that there is no jurisdiction under the CBA to grieve matters subject to management rights because management rights are expressly not subject to grievance under Article 8 of the CBA." *Id.* at 3:18-4:2. The Court was correct in noting that it was undisputed that Defendants argued both before this action was filed, and in their motions for summary judgment that claims alleging breach of Article 8 were not subject to the grievance and arbitration procedure. *Id. see also* L1107 MSJ, (ECF No. 168), at 26:8-16; *see also* SEIU MSJ, (ECF No. 167), at 31-32 n20.

Despite it being undisputed that matters arising under Article 8 and 22 were not subject to the grievance and arbitration procedure, this Court dismissed Plaintiff Miller's §301 LMRA claim "because Miller only grieved violation of Article 1 and 2 of the CBA, she cannot allege breached of Article 8, 22, and 24." *See* Order, (ECF No. 224), at 9:5-11. Plaintiff Miller does not seek reconsideration of the Court's order in regards to Article 24, as it was not clear error for the Court

to determine that Article 24 was grievable, and thus should have been expressly alleged in Plaintiff Miller's grievance. *Id.* However, it was undisputed that disputes arising under Article 8, "Management Rights," and Article 22 Bilingual Pay, were expressly excluded from the grievance and arbitration procedures. *See* L1107 MSJ, (ECF No. 168), at 26:8-16; *see also* SEIU MSJ, (ECF No. 167), at 31-32 n20. Plaintiff Miller's §301 LMRA claim cannot be dismissed for failure to file a grievance alleging breach of Articles expressly excluded from the grievance and arbitration procedure, especially considering Local 1107 interpreted Plaintiff Miller's grievance as seeking to "grieve matters subject to management rights," and repeatedly asserted that such matters "are expressly not subject to grievance and arbitration under the CBA." *See* **Ex. 1,** at CMM186. Despite this fact, Defendants seek to walk back their own arguments made on summary judgment when addressing Plaintiff Miller's counter-motion for reconsideration. Defendants' arguments lack merit.

## I.   PLAINTIFFS HAVE NOT USED THEIR REPLY BRIEF AS A SURREPLY.

The SEIU Defendants assert that Plaintiffs have used their reply brief filed in response to Local 1107's Response to Plaintiff Miller's counter-motion for reconsideration as a surreply. *See* ECF NO. 237, at 2:13-3:6. However, Local 1107 combined their Reply in Support of Motion for Reconsideration, and their Response to Plaintiff's counter-motion to reconsider into a single document without bifurcating issues, and expressly arguing issues related to SEIU's Motion for Reconsideration. *See* ECF No. 234, at 2-9. Plaintiffs simply responded to the issues raised and incorporated into Local 1107's response to Plaintiff's counter-motion to reconsider. *Id.*

## II.   PLAINTIFFS' MOTION DOES NOT RAISE NEW ARGUMENTS THAT COULD HAVE BEEN RAISED DURING DISPOSITIVE MOTIONS.

Defendants maintain that Plaintiff Miller is raising new arguments in her counter-motion to reconsider that could have been raised during dispositive motions. *See* ECF No. 237, at 3:7-22. According to Defendants, "In its motion for summary judgment, SEIU spent multiple pages detailing its argument that Miller could not pursue claims of CBA breaches that were never grieved." *Id.* Defendants assert that Plaintiffs did not respond to their arguments. *Id.* However, in

response Plaintiffs focused their arguments on the issues of repudiation and the ability to bring claims under Articles 1 and 2 despite allegations of discrimination, because it was undisputed that disputes arising under Articles 8 and 22 of the CBA were not subject to the grievance and arbitration procedures. *See* L1107 MSJ, (ECF No. 168), at 26:8-16; *see also* SEIU MSJ, (ECF No. 167), at 31-32 n20; *see also* Pltfs' MSJ, (ECF No. 172), at 36:21-37:2. Because it was undisputed that claims arising under Article 8 and 22 of the CBA were outside of the grievance and arbitration procedure, Plaintiffs focused their response on the other claims, as Defendants advanced no other legitimate arguments for why the claims alleging breach of Articles 8 and 22 should be dismissed. Clearly, if claims alleging breach of Articles 8 and 22 are not subject to the grievance and arbitration procedure, dismissal of such claims for failure to file a grievance alleging breach of those articles would not be permissible.

Further, Plaintiffs, Defendants, and the Court all cited to Local 1107's letter to Plaintiff Miller noting "that there is no jurisdiction under the CBA to grieve matters subject to management rights because management rights are expressly not subject to grievance under Article 8 of the CBA." *See* Order, (ECF No. 224), at 3:26-4:2; *see also* L1107 MSJ, (ECF No. 168), at 26:8-16; *see also* SEIU MSJ, (ECF No. 167), at 31-32 n20; *see also* Pltfs' MSJ, (ECF No. 172), at 36:21-37:2. At no point in either of Defendants' motions did they assert that claims alleging breach of articles expressly excluded from the grievance and arbitration procedure were not actionable in this Court. For that reason, Plaintiff's responses focused on the articles Plaintiff Miller did cite in her grievance. For these reasons, Plaintiff Miller is not asserting a new argument on reconsideration. Rather, Plaintiff Miller is requesting reconsideration of the Court's clear error in applying the undisputed facts to black letter contract law, to wit: that claims for breach of Articles 8 and 22 are not subject to the grievance and arbitration procedures of the CBA and are thus actionable in this Court without first filing a grievance. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960). As such, reconsideration and reinstatement of Plaintiff Miller's §301 claim is warranted.

### III.   DEFENDANTS' ARGUMENTS THAT PLAINTIFF MILLER NEEDED TO ATTEMPT TO EXHAUST THE CLAIMS FOR BREACH OF ARTICLES 8 AND 22 IS BOTH CONTRADICTED BY THE RECORD AND THEIR OWN ARGUMENTS ON SUMMARY JUDGMENT.

Defendants now assert, for the first time, that Plaintiff Miller needed to attempt to exhaust remedies by filing a grievance alleging breach of Article 8 and 22 of the CBA before bringing this action in federal court. *See* ECF No. 237, at 3:23-4:2. This argument should not be entertained as it is contradicted by the undisputed evidence and arguments presented in the parties' dispositive motions. Defendants cite to no case law for their position that a party must attempt to grieve a matter expressly excluded from the grievance and arbitration procedure before the matter is actionable in federal court. *Id.* Supreme Court precedent on the matter is clear, when a matter is expressly excluded from a grievance and arbitration procedure in a CBA it is actionable in federal court. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960). Indeed, the Supreme Court has consistently affirmed its own "labor arbitration precedents" noting that parties cannot be compelled to arbitrate matters they have not agreed to arbitrate. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301 n.8, 130 S. Ct. 2847, 2859 (2010). "Although *Warrior & Gulf* contains language that might in isolation be misconstrued as establishing a presumption that labor disputes are arbitrable whenever they are not expressly excluded from an arbitration clause, 363 U.S., at 578-582, 80 S. Ct. 1347, 4 L. Ed. 2d 1409, the opinion elsewhere emphasizes that even in LMRA cases, 'courts' must construe arbitration clauses because 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Id*.

"Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must 'give effect to the contractual rights and expectations of the parties.'" *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682-83 (2010) "In this endeavor, 'as with any other contract, the parties' intentions control.'" *Id. quoting Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). "Underscoring the consensual nature of private dispute resolution, we have held that parties are "'generally free to structure their arbitration agreements as they see fit.'" *Id.* Parties are free to "agree to limit the issues they choose

to arbitrate…and may agree on rules under which any arbitration will proceed." *Id.* The Ninth

Circuit has consistently followed "*the Supreme Court's command* that 'a party cannot be required

to submit to arbitration any dispute which he has not agreed so to submit.'" *Revitch v. DIRECTV,*

*LLC*, 977 F.3d 713, 719 n.3 (9th Cir. 2020) *quoting AT&T Techs., Inc. v. Commc'ns Workers of*

*Am.*, 475 U.S. 643, 648 (1986) (quoting *Warrior & Gulf Navigation Co.*, 363 U.S. at 582); *see*

*also Holl v. United States Dist. Court (In re Holl)*, 925 F.3d 1076, 1083 (9th Cir. 2019).

 Defendants misrepresent the Supreme Court's decision in *AT&T Technologies, Inc. v.*

*Communications Workers of America,* arguing, without quoting the actual decision, that "when

parties clearly agree that questions of substantive arbitrability should be decided by the arbitrator,

it is for the arbitrator and not the courts to decide." *See* ECF No. 237, at 4:14-16. In *AT&T*

*Technologies, Inc. v. Communications Workers of America,* the Supreme Court outlined

numerous principles gleaned from its labor arbitration precedent known as the *Steelworkers*

*Trilogy.* 475 U.S. at 648-49. "'[A]rbitration is a matter of contract and a party cannot be required

to submit to arbitration any dispute which he has not agreed so to submit.'" *Id. citing Warrior &*

*Gulf, supra*, at 582;*American Mfg. Co., supra*, at 570-571. "This axiom recognizes the fact that

arbitrators derive their authority to resolve disputes only because the parties have agreed in

advance to submit such grievances to arbitration." *Id. citing Gateway Coal Co*. v. *Mine Workers*,

414 U.S. 368, 374 (1974). Further, "*the question of arbitrability -- whether a collective-*

*bargaining agreement creates a duty for the parties to arbitrate the particular grievance -- is*

*undeniably an issue for judicial determination*" absent a clear and unmistakable agreement

otherwise. *Id.* (emphasis added). When "deciding whether the parties have agreed to submit a

particular grievance to arbitration, a court is not to rule on the potential merits of the underlying

claims." *Id.*

 Defendants assert that "**under the CBA, the parties *agreed* that any disputes over**

**arbitrability would be decided by an arbitrator, not the courts. Under "Step 3" of Article**

**11, the CBA states**: "*If the parties disagree about the arbitrability of a grievance, the arbitrator*

*shall decide this issue prior to hearing the merits of the case*." *See* ECF No. 237, at 4:10-13.

This argument was never raised in any of Defendants' motions or responses during dispositive motion briefing, and cannot be raised here. Further, this new argument that there was a dispute over the arbitrability of claims arising under Articles 8 and 22 is flatly contradicted by what Defendants actually argued in their dispositive motions, and in their letters to Plaintiffs before this litigation began. The fact is, there was no dispute over the arbitrability of disputes arising under Articles 8 and 22 until Defendants' responses to Plaintiff Miller's counter-motion for reconsideration. *See* L1107 MSJ, (ECF No. 168), at 26:8-16; *see also* SEIU MSJ, (ECF No. 167), at 31-32 n20; *see also* Pltfs' MSJ, (ECF No. 172), at 36:21-37:2; *see also* **Ex. 1,** at CMM186. Plaintiffs did not file any grievances for breach of Articles 8 and 22 because Plaintiffs knew such disputes were expressly excluded from the grievance and arbitration procedure. *Id.* Local 1107 also expressly invoked its right to refuse to arbitrate disputes arising under Article 8 when responding to Plaintiff Miller's grievance for breach of Articles 1 and 2 and other relevant articles, asserting that there was "no jurisdiction to grieve matters subject to management rights because management rights are expressly not subject to grievance and arbitration," and confirming that it would not agree to arbitrate such matters. *Id.*

> Article 8 of the CBA contains an expansively broad management rights clause. Section 1 of the management rights clause permits Local 1107 "discretion in determining whom to employ," "to employ temporary employees," "to determine and re-determine job assignments," and "to establish and alter working schedules at any time," among other management rights. In expanding an already broad management rights clause, Section 2 provides that Local 11 07 has the "unilateral right[]," among other things, to "determine the services to be performed[ and] the methods of service," to "select, hire, train, transfer employees," to "direct and manage the work force," and to "adopt, add to, amend, change or rescind any reasonable work rule." Finally, Section 3 expressly excludes management rights from grievance and arbitration and from bargaining. "The reserved rights of SEIU Local 1107 shall not be subject to the grievance and arbitration provisions of this Agreement nor shall SEIU Local 1107 be required to bargain with the Staff Union about exercising any of its reserved rights during the term of this Agreement."
> …
> To the extent the grievance challenges the Employer's right to set job descriptions, to set qualifications for positions within the bargaining unit, and to hire and fire employees for bargaining unit positions, the grievance as filed is not cognizable because it concerns subject matter that is not arbitrable under management rights.

*See* **Ex. 1,** at CMM186.

On January 3, 2018, it was undisputed between Plaintiffs and Defendants that disputes arising under Article 8 of the CBA were not subject to the grievance and arbitration procedure in the CBA. *Id.* On July 22, 2020, when the parties filed their dispositive motions, it was still undisputed that disputes arising under Articles 8 and 22 of the CBA were not subject to the grievance and arbitration procedure. *See* L1107 MSJ, (ECF No. 168), at 26:8-16; *see also* SEIU MSJ, (ECF No. 167), at 31-32 n20; *see also* Pltfs' MSJ, (ECF No. 172), at 36:21-37:2. Defendants cannot now, in the eleventh (11) hour, on the eve of trial, argue that there is some dispute over the arbitrability of claims arising under Articles 8 and 22 after consistently refusing to arbitrate disputes arising from Articles 8 and 22, and arguing on summary judgment that such matters were not grievable or arbitrable. *Id.* The parties have been in agreement throughout this entire litigation that disputes arising under Articles 8 and 22 were not subject to the grievance and arbitration procedure. *Id.* The time to request that this Court interpret these provisions otherwise, or to raise a dispute over their arbitrability, has long passed. There was nothing ambiguous about the exclusion of disputes arising under Article 8 and 22 from the grievance and arbitration procedures, as Defendants themselves argued. *Id.* If Defendants' position was that the exclusion of such disputes from the grievance and arbitration procedure was ambiguous, the time to raise that issue was in their Motions for Summary Judgment. *Id.* Defendants failed to do so, instead, affirming that there was no dispute over the exclusion of disputes over Articles 8 and 22 from grievance and arbitration. *Id.*

The claims alleged by Plaintiffs were that, contrary to the representations of Local 1107 and the SEIU International Trustees, Local 1107 was not simply exercising its broad management rights to hire temporary employees, but rather exercising its management right to hire temporary employees for the "sole purpose of displacing bargaining unit employees in breach of Article 8." *See* CBA, (ECF No. 232-2), at CMM7903. Because such a claim is a dispute over Local 1107's exercise of "The reserved rights of SEIU Local 1107" it is "not be subject to the grievance and arbitration provisions of" the CBA. *Id.* The terms are clear, and were not disputed. The parties

did not agree to arbitrate disputes over Local 1107's exercise of its management rights under Article 8, nor the establishment of an employee being bilingual under Article 22.

The time to argue that Article 8 or 22 was ambiguous, and Plaintiff's claims for breach of Article 8 and 22 were not disputes over Local 1107's exercise of its "reserved rights, and *would be* subject to arbitration" was in their Motion for Summary Judgment. *See* ECF No. 237, at 5:5-6. Defendants failed to make that argument, instead attaching a sworn declaration of the Trustee, Luisa Blue, that asserted that Plaintiff's claim failed on the merits because "Local 1107 has the unilateral [management] right to hire temporary employees, except in the one situation where such hiring 'is for the sole purpose of displacing bargaining unit employees,'" and that such disputes were not "subject to the grievance and arbitration provisions" of the CBA. *See* SEIU MSJ, (ECF No. 167), at 31-32 n20. The time to argue that "Upon review of Article 22, it is immediately clear that the right the article concerns is that *of an employee who claims entitlement to bilingual pay*, not a general right on behalf of the staff union to contest the circumstances in which speaking a different language is determined to be a requirement of the job" was in their Motion for Summary Judgment. *See* ECF No. 237, at 7:3-6. Instead, Defendants attached a sworn declaration of Luisa Blue asserting that "Plaintiffs' claimed breach of Article 22 of the CBA, for requiring that the occupant of the front desk position speak Spanish [FAC, ¶ 108]…fails" because the Trustee had the right to change the qualifications of the position, and that decision was not "*subject to the grievance and arbitration procedure*.'…As such, it is clear the Trustee could require that an employee at the front desk—who fields calls from the union's diverse membership—speak a second language, *and in any event Plaintiffs would have no right to pursue a grievance concerning that designation under the CBA*." *Id.* (emphasis added).

If Defendants wished to dispute the arbitrability of claims arising under Article 8 and 22 being subject to the grievance and arbitration procedure, they needed to do so a very long time ago and did not. As such, Plaintiff Miller's claims for breach of the CBA Articles 8 and 22 were not subject to grievance and arbitration, and cannot be dismissed for failure to file a grievance. Reconsideration and reinstatement of the claim is, therefore, warranted.

**IV.  <u>DEFENDANTS' RESPONSE TO PLAINTIFF MILLER'S MOTION FOR RECONSIDERATION IS NOT THE PROPER FORUM TO ARGUE THE MERITS OF PLAINTIFF MILLER'S CLAIMS.</u>**

Next, Defendants argue, again, that Plaintiff Miller's claims fail on the merits. Plaintiff Miller did not raise an issue regarding the Court's determination about the merits of the claim in the counter-motion for reconsideration and if the Court reconsiders its Order the appropriate procedure would be to reinstate the claim for consideration of the merits based on the parties' dispositive motions. There are disputed issues of material fact regarding the Trustees motives for changing the requirements for the front desk position to deny Plaintiff Miller the position. As argued in Plaintiff's Response to Defendants' Motions for Summary Judgment, there is admissible testimony from SEIU International employee Barry Roberts, who was assisting with the trusteeship, that when SEIU International imposes a trusteeship they try and get rid of the entire local union staff. *See* ECF No. 198, at 10:21-11:3. There were emails between SEIU International officials discussing getting "rid of staff quickly," and the hiring of temporary employees in their place. *Id.* at 11:4-28. Plaintiffs presented evidence that the Trustees employed numerous individuals in the front desk position after imposition of the trusteeship that did not speak Spanish. *See* ECF No. 199, at 25:3-28. This evidence raises a disputable issue of material fact regarding whether Local 1107 was exercising its management right to hire temporary staff for a legitimate reason, or for the sole purpose of displacing bargaining unit employees as part of their program to get rid of staff quickly. *Id.* While Plaintiff has responded to Defendants' argument regarding the merits of the §301 claim in this reply, this Court should ignore the argument entirely, and address only the arguments and evidence raised in the parties competing dispositive motions on the issue.

…

…

…

…

**II.    CONCLUSION**

Therefore, based on the foregoing, Plaintiff Miller respectfully requests that this Court **GRANT** Plaintiffs' Counter-Motion for Reconsideration of the dismissal of Plaintiff Miller's §301 claim.

Dated this 12th day of May 2021.

/s/ Michael J. Mcavoyamaya

_____

MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
4539 Paseo Del Ray
Las Vegas, NV, 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of May 2021, the undersigned served the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF COUNTER-MOTION FOR RECONSIDERATION** on all counsel herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.

CHRISTENSEN JAMES & MARTIN
EVAN L. JAMES, ESQ. (7760)
KEVIN B. ARCHIBALD, ESQ.
(13817)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com,
kba@cjmlv.com
Attorneys for Defendant Service
Employees International Union

Dated this 12th day of May, 2021.

/s/ Michael J. Mcavoyamaya

_____
MICHAEL MCAVOYAMAYA, ESQ.
Nevada Bar No.: 014082
4539 Paseo Del Ray
Las Vegas, NV, 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*