# Exhibit 5



Michael Mcavoyamaya <mmcavoyamayalaw@gmail.com>

## RE: Expert Disclosures and Plaintiffs' Discovery Extension Request; Cabrera, et al. v. Serv. Employees Int'l Union, et al., U.S.D.C. Case No. 2:18-cv-00304-RFB-DJA

33 messages

**MIchael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Thu, Aug 15, 2019 at 4:03 PM
To: Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>, elj@cjmlv.com

Good afternoon,

I am in receipt of you letter relating to my expert disclosure. While I do not agree that the disclosure was deficient, I see no need to get into a dispute over it. Enclosed you will find the documents referenced in the report, along with others responsive to your written discovery requests. As far as the extension of the expert deadline goes, I am confused why you did not simply request that I stipulate to the extension earlier before the deadline ran. I asked you if that is what you wanted me to consent to, and was clearly willing to so stipulate.

In any event, I see no reason to be difficult on this matter. My understanding of this letter is that you wish to extend the expert disclosure deadline to September 19, 2019, and to have a corresponding extension of the rebuttal expert deadline to one month after that, October 19, 2019. If this is what you are requesting by your letter, I will so stipulate. Please draft the stipulation to extend asap so that we may get it front of the new magistrate. As I am sure you know, neither of us are entirely clear on how this new judge will rule on matters such as this, and considering the deadline has ran, it would be best not to delay any further in requesting the extension.

Michael J. Mcavoyamaya, Esq.

4539 Paseo Del Ray,

Las Vegas, NV 89121
(702) 299-5083

---

**From:** Rosa Rozman [mailto:rrozman@RSGLABOR.COM]
**Sent:** Thursday, August 15, 2019 3:46 PM
**To:** mmcavoyamayalaw@gmail.com
**Cc:** Eli Naduris-Weissman; Jonathan Cohen; Carlos Coye; elj@cjmlv.com
**Subject:** Expert Disclosures and Plaintiffs' Discovery Extension Request; Cabrera, et al. v. Serv. Employees Int'l Union, et al., U.S.D.C. Case No. 2:18-cv-00304-RFB-DJA

Dear Mr. McAvoyamaya:

Attached please find correspondence dated August 15, 2019. Original to follow via U.S. Mail.

Rosa Rozman

Legal Secretary

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, CA 91101-3115

Tel:   (626) 796-7555, ext. 117

Fax:  (626) 577-0124

*This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.*


**Combined D.Miller Docs 1.pdf**
10826K

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>                             Fri, Aug 16, 2019 at 11:48 AM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>

Michael:

Thanks for this information.  We are considering how to proceed and will prepare a stipulation as necessary and let you know shortly.  As indicated in the letter, we will extend the time for your response to SEIU's written discovery until August 29, 2019.

However, as it may bear on potential expert analysis, we request that you provide Ms. Miller's resume information (RFP propounded on Miller, Request No. 2) before that time.  If such document exists and is available, we ask that you send it as soon as you are able.

Thank you.

--

Eli Naduris-Weissman

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, California 91101-3115

Tel. (626) 796-7555 ext. 119

www.rsglabor.com

[Quoted text hidden]

---

**MIchael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>                                  Fri, Aug 16, 2019 at 11:58 AM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>

Come to think of it, I am not sure she provided me with her resume. She compiled a list of jobs she applied for after termination, but I do not think I have her resume in the documents she gave me. I will ask her for it and provide it to you as soon as it has been received.

[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>  Tue, Aug 20, 2019 at 5:02 PM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>

Michael:

Pursuant to our previous discussion, and SEIU's agreement to extend the due date for your discovery responses to August 29, 2019, we've put together the attached stipulation to extend by one month the deadline for designating rebuttal experts.

Please review and let me know if you have any suggested changes before signing on.

[Quoted text hidden]

 **Stipulation_Extend Rebuttal Witness.doc**
86K

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>  Wed, Aug 21, 2019 at 10:01 AM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>

Michael:

In addition to Miller's resume, which we await, I also wanted to ensure that in providing documents responsive to the RFP by August 29, 2019, Plaintiff Miller includes any documents concerning earnings from employment at TeleTech, a job she apparently held as of January 15, 2018, as per the attached interview notes related to her unemployment insurance claim (produced as Local-0064).

Documents regarding such earnings would be responsive to Request No. 1, "any and all documents related to any compensation or commissions that you earned since January 1, 2017 to the present."

Thank you.

--

Eli Naduris-Weissman

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, California 91101-3115

Tel. (626) 796-7555 ext. 119

www.rsglabor.com

**From:** MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>
**Sent:** Friday, August 16, 2019 11:58 AM
**To:** Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>; 'Evan James' <elj@cjmlv.com>; Carlos Coye <ccoye@rsglabor.com>
**Cc:** Jonathan Cohen <jcohen@RSGLABOR.COM>

[Quoted text hidden]

[Quoted text hidden]


Local0064.pdf
392K

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>                                   Wed, Aug 21, 2019 at 10:17 AM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>
Cc: "Evan James (elj@cjmlv.com)" <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>, Jonathan Cohen <jcohen@rsglabor.com>

I will double check and ask her if she has any documents showing her earnings for that job. I asked her to give me all pay stubs for work after Local 1107. But maybe she overlooked that job. I will provide all documents she provides.
[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>                              Wed, Aug 21, 2019 at 6:16 PM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>

Michael:

Please let us know if you have any comments on the stip.

--

Eli Naduris-Weissman

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, California 91101-3115

Tel. (626) 796-7555 ext. 119

www.rsglabor.com

[Quoted text hidden]


Stipulation_Extend Rebuttal Witness.doc
86K

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>                              Fri, Aug 23, 2019 at 10:26 AM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>

Hi Michael:

I understand you may be busy with other matters, but I would appreciate a response on whether you will agree to the stipulation

sent earlier this week so that we can file in advance of the deadline coming due.

As we expressed in our August 15 letter, we seek an extension on our expert disclosures, and have granted the two week discovery extension you requested.   We have now clarified the precise extension we are seeking.  If you have any comment, let us know.

Thanks.

[Quoted text hidden]

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Fri, Aug 23, 2019 at 10:29 AM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>

Ill look it over and get back to you later today.
[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>  Fri, Aug 23, 2019 at 10:30 AM
To: Michael Mcavoyamaya <mmcavoyamayalaw@gmail.com>

Thank you

--

Eli Naduris-Weissman

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, California 91101-3115

Tel. (626) 796-7555 ext. 119

www.rsglabor.com

[Quoted text hidden]

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Fri, Aug 23, 2019 at 7:34 PM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>

I'm confused. My understanding is that we were extending both the expert and rebuttal disclosure deadlines because you wanted to provide an expert disclosure. I do not recall receiving an expert disclosure from SEIU (correct me if I am wrong). The stip says you provided an expert disclosure on the initial expert deadline. I have not received an expert report from you guys that I have seen. Is that a typo?
[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>  Mon, Aug 26, 2019 at 10:20 AM
To: Michael Mcavoyamaya <mmcavoyamayalaw@gmail.com>
Cc: Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>

Michael :

As you know, we served the expert disclosure pleading, though it is true we did not disclose an expert.  To address your e-mail, I have eliminated that line from the stip.  As such, I hope you can return the signed stip to me today.

Thanks.

--

Eli Naduris-Weissman

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, California 91101-3115

Tel. (626) 796-7555 ext. 119

www.rsglabor.com

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.

[Quoted text hidden]

---

**Stipulation_Extend Rebuttal Witness2.doc**
86K

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>                    Mon, Aug 26, 2019 at 12:25 PM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>

Ok. I just want to make clear what were doing because your request changed. We are no longer asking to extend the expert disclosure deadline and the rebuttal expert deadline. Instead, we are only extending the rebuttal expert deadline so you can disclose a rebuttal expert to the expert I disclosed on the 12th. You have not disclosed an expert. You need extra time to disclose your rebuttal expert. Is that what we're doing?

[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>              Mon, Aug 26, 2019 at 3:12 PM
To: Michael Mcavoyamaya <mmcavoyamayalaw@gmail.com>
Cc: Evan James <elj@cjmlv.com>, Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>

Michael:

Yes, you understand correctly.  We seek extension of the rebuttal expert disclosure deadline only, as SEIU or Local 1107 will likely be disclosing a rebuttal expert witness or witnesses.   The potential testimony will address the issues of damages and mitigation in the Kirkendall report, though may rely on additional information and use other methods than those employed by Kirkendall.

For the same reason, we look forward for your disclosures in response to SEIU's request for production of documents this Thursday (August 29).

Also, please remember to reply all to keep all counsel informed of developments.

Thanks,

Eli

[Quoted text hidden]

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>   Mon, Aug 26, 2019 at 6:14 PM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>

Ok. Go ahead and file the stip to extend.

Michael J. Mcavoyamaya, Esq.
4539 Paseo Del Ray,
Las Vegas, NV 89121
(702) 299-5083

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message

[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>   Tue, Aug 27, 2019 at 11:06 AM
To: Michael Mcavoyamaya <mmcavoyamayalaw@gmail.com>
Cc: Evan James <elj@cjmlv.com>, Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>

Thank you Michael. Based on your e-mail below, we will add your electronic signature to the document and file today.

[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>   Tue, Aug 27, 2019 at 12:09 PM
To: Michael Mcavoyamaya <mmcavoyamayalaw@gmail.com>
Cc: Evan James <elj@cjmlv.com>, Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>

Michael:

Because this is being filed within 21 days of the discovery deadline at issue, we must explain good cause for doing so. The first page of the filing, which is signed by me only, explains the timing of the filing of the stipulation. The following pages include the stipulation as we agreed, with your signature.

We plan to file this at 2pm today—if you have any further comments please let me know.

Thank you.

--

Eli Naduris-Weissman

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, California 91101-3115

Tel. (626) 796-7555 ext. 119

www.rsglabor.com

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.

[Quoted text hidden]

 **Stipulation_Extend Rebuttal Witness FINAL.doc**
88K

---

**Evan James** <elj@cjmlv.com>   Thu, Aug 29, 2019 at 3:26 PM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>

Micheal,

We are trying to get your expert's report and relied upon documents to our expert witnesses. Unfortunately, your expert did not produce the documents with his report and subsequent production of documents is difficult to understand. The failure to produce coherent documents is a problem. I cannot determine what the "SEIU Nevada Local 1107 Health Insurance Costs Report" nor the "Pay Scale 2016" documents consist of. Were they produced in this case? If so, where are they?

Christensen James & Martin
Evan L. James, Esq.
7440 W Sahara Ave.
Las Vegas, NV 89117
Tel. (702) 255-1718

CONFIDENTIALITY NOTICE: This email may contain material that is confidential,
privileged and/or attorney work product for the sole use of the intended
recipient. Any unauthorized review, use, or distribution is prohibited and may
be unlawful.

IRS CIRCULAR 230 DISCLOSURE: To the extent this communication or any attachment
addresses any tax matter, it may not be relied upon to (i) avoid tax-related
penalties under the Internal Revenue Code, or (ii) promote, market or recommend to
another party any transaction or matter herein addressed.

[Quoted text hidden]

---

**MIchael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>   Thu, Aug 29, 2019 at 3:40 PM
To: Evan James <elj@cjmlv.com>, Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>

Both documents you have already. I sent him the Health Insurance Cost schedule you guys produced in Gentry (Local – 657), and pay scale from the 2015 NSEUSU CBA. Let me know if you want me to send over additional copies.

[Quoted text hidden]

---

**Evan James** <elj@cjmlv.com>   Thu, Aug 29, 2019 at 3:46 PM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>, Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>

Please send us the copies that your expert relied upon. We need them from you and him.

Christensen James & Martin
Evan L. James, Esq.
7440 W Sahara Ave.
Las Vegas, NV 89117
Tel. (702) 255-1718

CONFIDENTIALITY NOTICE: This email may contain material that is confidential,

privileged and/or attorney work product for the sole use of the intended
recipient. Any unauthorized review, use, or distribution is prohibited and may
be unlawful.

IRS CIRCULAR 230 DISCLOSURE: To the extent this communication or any attachment
addresses any tax matter, it may not be relied upon to (i) avoid tax-related
penalties under the Internal Revenue Code, or (ii) promote, market or recommend to
another party any transaction or matter herein addressed.

[Quoted text hidden]

---

**MIchael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>　　　　　　　　　　　Thu, Aug 29, 2019 at 4:18 PM
To: Evan James <elj@cjmlv.com>, Jonathan Cohen <jcohen@rsglabor.com>, Carlos Coye <ccoye@rsglabor.com>

Here, I attached the documents he reviewed for the report (1-9) in order to the report itself. I received the payscale from the former officers of the NSEUSU.

[Quoted text hidden]


**Hand Signed KCG Report with ALL REVIEWED DOCUMENTS.pdf**
11439K

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>　　　　　　　　　　Mon, Sep 9, 2019 at 3:44 PM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>

Michael:

Following up on our conversation just now, I wanted to remind you of your e-mail below, in which you said you would ask Debbie Miller for her resume. From a quick review of the documents you produced, it does not appear that her resume is included.

Thank you

--

Eli Naduris-Weissman

Rothner, Segall & Greenstone

510 South Marengo Avenue

Pasadena, California 91101-3115

Tel. (626) 796-7555 ext. 119

www.rsglabor.com

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.

---

**From:** MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>
**Sent:** Friday, August 16, 2019 11:58 AM

**To:** Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>; 'Evan James' <elj@cjmlv.com>; Carlos Coye <ccoye@rsglabor.com>
**Cc:** Jonathan Cohen <jcohen@RSGLABOR.COM>

[Quoted text hidden]

[Quoted text hidden]

---

**Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>  Tue, Sep 10, 2019 at 1:11 PM
To: MIchael Mcavoyamaya <mmcavoyamayalaw@gmail.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>

Michael:

Upon a preliminary review of the documents you disclosed, and your statement that these are likely all the documents you will be providing for Plaintiff Miller, we are concerned about the adequacy of your and your client's search.

For example:

- As indicated in my e-mail below, on August 16, 2019 I requested that you ensure your responses for Ms. Miller include her resume – which was clearly requested (RFP Request No. 2, 56). You said you would ask. The files you share do not include her resume.
- On August 21, 2019, I wrote to you to inform you that we had learned, based on interview notes related to Miller's unemployment insurance claim (produced by SEIU Local 1107 as Local-0064), that Miller was employed by a company called TeleTech as of January 15, 2018. I asked, accordingly, that you ensure that the responses include information regarding such employment, which would clearly be responsive (e.g., RFP Request No. 1). The files you share do not include any information regarding this employment.
- The RFP asks for any social media content, including from LinkedIn, regarding Ms. Miller's employment with Local 1107 (see definition #13 of "social media account" and Request No. 57) . We ourselves have been able to find her linkedIn page (see here: https://www.linkedin.com/in/debbie-miller-b48a4318b/, also archived). Its absence from the discovery responses raises questions about the adequacy of your and your client's search, and what other responsive social media documentation is missing.

From our conversation, I was under the impression that you would be meeting with Miller shortly to finalize your responses.  **I assume you mean by the end of this week (September 13, 2019), and please correct me if I'm mistaken.**

**In preparing your response, please insure that the above information is included.  Please also ensure that your discovery response itself is compliant with the federal rules, in the following respects**:

- For each response in which you produce documents, the response should indicate the applicable bates-stamp pages that are responsive so that the documents are organized and labeled "to correspond to the categories of the request." [FRCP 34(b)(2)(E)(i); see *SEC v. Collins & Aikman Corp*. (SD NY 2009) 256 FRD 403, 409-410]

- If you are unable to comply with the request, you should state that a diligent search and reasonable inquiry has been made in an effort to locate the item requested; and the *reason* the party is unable to comply: e.g., the document never existed; has been lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party. See FRCP(b)(2)(B); *Searock v. Stripling* (11th Cir. 1984) 736 F2d 650—sanctions inappropriate if party made good faith effort to locate.

- If you are withholding responsive documents on some basis, you must so indicate, FRCP(b)(2)(C), and indicate the scope of the search so that we are able to determine what has been withheld.  See Advisory Committee Notes, 2015 Amendment ("When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection.").

Thank you.  And please let us know if you have any questions or comments about this e-mail.

[Quoted text hidden]
[Quoted text hidden]

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>                          Wed, Sep 11, 2019 at 8:01 PM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>, "Evan James (elj@cjmlv.com)" <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>

You are correct. You will have our full responses by the end of the week, September 13, 2019. I double checked with Ms. Miller, and her failure to produce a copy of her resume was an oversight. I have obtained a copy of Ms. Miller's resume and will produce it with our responses by Setp 13th. With regards to the TeleTech employment, she never actually worked for that company. She was promised a position in customer service and told it would not be in medical records. When she showed up for training, she found out the position was in medical records, which she was not familiar with and expressly told them she did not know how, or wish to do. She ended the training and according to Ms. Miller she received a check for under $200 for her time in the training program. She does not know where that check stub is, but I will ask her to look through her bank records to see if a copy of it was saved by the bank. She has no other records related to TeleTech in her possession. With regards to the social media, I double checked with Ms. Miller, as I did with the resume, and she informed me that she has not had a social media account for 10 years. She just recently estanlished her linkedin account this year, but there are no posts related to her employment with SEIU on that account.

All of this will be addressed in our final responses, but I figured I would let you know in response to your email requesting clarification hat I have resolved most of the issues and other than sending over the resume, no substantial changes to my initial document production in relation to these issues is expected. Ms. Miller did, however, find some notes taken at the meetings with Local 1107 in October and November 2017, which will be provided, and was able to find her flight itinerary for her trip to Canada to visit her parents, which will also be provided. Again, all of these documents will be provided by the 13th. Thank you for your patience.

[Quoted text hidden]

---

**MIchael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>                          Fri, Sep 13, 2019 at 2:46 PM
To: Eli Naduris-Weissman <enaduris-weissman@rsglabor.com>
Cc: Jonathan Cohen <jcohen@rsglabor.com>, Evan James <elj@cjmlv.com>, Carlos Coye <ccoye@rsglabor.com>

Good afternoon,

Enclosed you will find Plaintiff Miller's responses to your First ROGS and RPD. Additionally, you will find a supplemental disclosure of documents including Ms. Miller's resume, and her W2 from TTec. As we discussed, I put in the request for Ms. Miller's medical records to her primary care provider, Dr. Venkat, and the orthopedic doctor, Dr. Liu. Once those records are received, I will supplement these responses.

I would also request that you inform Grace Vergara, Brian Shepherd, Martin Manteca, and Luisa Blue that they will be noticed for depositions and please provide me with acceptable dates for their depositions. Thank you.

Michael J. Mcavoyamaya, Esq.

4539 Paseo Del Ray,

Las Vegas, NV 89121
(702) 299-5083

[Quoted text hidden]

**3 attachments**

📄 **P Debbie Miller Responses to SEIU ROGS.pdf**
1347K

📄 **P Miller Responses to SEIU Ds First RPD.pdf**
304K


**More Debbie Miller Documents.pdf**
7407K

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Tue, Aug 31, 2021 at 8:11 PM
To: Michael McavoyAmaya <mike@mrlawlv.com>

[Quoted text hidden]

**Combined D.Miller Docs 1.pdf**
10826K

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Tue, Aug 31, 2021 at 8:12 PM
To: Michael McavoyAmaya <mike@mrlawlv.com>

[Quoted text hidden]

**Stipulation_Extend Rebuttal Witness.doc**
86K

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Tue, Aug 31, 2021 at 8:13 PM
To: Michael McavoyAmaya <mike@mrlawlv.com>

[Quoted text hidden]

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Tue, Aug 31, 2021 at 8:13 PM
To: Michael McavoyAmaya <mike@mrlawlv.com>

---------- Forwarded message ---------
From: **Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>
Date: Mon, Aug 26, 2019, 10:20 AM
Subject: RE: Expert Disclosures and Plaintiffs' Discovery Extension Request; Cabrera, et al. v. Serv. Employees Int'l Union, et al., U.S.D.C. Case No. 2:18-cv-00304-RFB-DJA
[Quoted text hidden]
[Quoted text hidden]

**Stipulation_Extend Rebuttal Witness2.doc**
86K

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Tue, Aug 31, 2021 at 8:14 PM
To: Michael McavoyAmaya <mike@mrlawlv.com>

[Quoted text hidden]

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Tue, Aug 31, 2021 at 8:14 PM
To: Michael McavoyAmaya <mike@mrlawlv.com>

---------- Forwarded message ---------
From: **Eli Naduris-Weissman** <enaduris-weissman@rsglabor.com>
Date: Mon, Aug 26, 2019, 3:12 PM
Subject: RE: Expert Disclosures and Plaintiffs' Discovery Extension Request; Cabrera, et al. v. Serv. Employees Int'l Union, et al., U.S.D.C. Case No. 2:18-cv-00304-RFB-DJA
[Quoted text hidden]
[Quoted text hidden]

---

**Michael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>  Tue, Aug 31, 2021 at 8:17 PM
To: tim@mrlawlv.com

[Quoted text hidden]

**Michael Mcavoyamaya** <mmcavoyamaya@gmail.com>  Tue, Aug 31, 2021 at 8:18 PM
To: tim@mrlawlv.com

---------- Forwarded message ---------
From: **MIchael Mcavoyamaya** <mmcavoyamayalaw@gmail.com>
Date: Thu, Aug 15, 2019, 4:03 PM

[Quoted text hidden]
[Quoted text hidden]

---

📄 **Combined D.Miller Docs 1.pdf**
10826K