**MCAVOY AMAYA & REVERO ATTORNEYS**
MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
1100 E. Bridger Ave.
Las Vegas, Nevada 89101
Telephone:    (702) 299-5083
Mike@mrlawlv.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**
\* \* \* \*

| | |
|---|---|
| JAVIER CABRERA, an individual; DEBORAH MILLER, an individual; CHERIE MANCINI, an individual; and the NEVADA SERVICE EMPLOYEES UNION STAFF UNION ("NSEUSU"), an unincorporated association,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION ("SEIU"), a nonprofit corporation; *et al.*<br><br>Defendants. | CASE NO.: 2:18-cv-304-RFB-DJA |

### DECLARATION OF MICHAEL J. MCAVOYAMAYA, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANTS' UNTIMELY VOCATIONAL EXPERT TESTIMONY AND LIMIT EXPERT TESTIMONY

The undersigned hereby declares the following under penalty of perjury of the laws of the State of Nevada:

1. I am an attorney licensed to practice law in the State of Nevada and counsel for Plaintiffs in this matter.

2. This Affidavit is made pursuant to LR 6-1 and LR 26-4.

3. The discovery scheduling order in this matter was entered on March 27, 2019, after a previous stay granted by this Court.

4. That discovery scheduling order set the date of initial expert disclosures on August 12, 2019 and rebuttal expert disclosures on September 12, 2019. See ECF No. 31, at 5-6.

5.   Defendants were on notice well before the deadline that Plaintiffs intended to submit an expert report prior to expiration of the deadline.

6.   On August 12, 2019, Plaintiffs disclosed their economist expert, Kevin Kirkendall, and provided Defendants his report.

7.   On August 12, 2019, the SEIU Defendants sent Plaintiffs' counsel an email perporting to attach an expert disclosure that did not identify an expert or disclose a report. Plaintiffs' counsel notified Defendants that it was not a proper expert disclosure.

8.   On August 15, 2019, three days after the initial expert deadline had expired, Defendants requested that Plaintiffs stipulate to extending the deadline to disclose both initial and rebuttal experts, and on that very same day Plaintiffs' counsel agreed to stipulate to extend both deadlines despite Defendants' lack of diligence in seeking a stipulation to extend.

9.   Specifically, Plaintiff agreed to reopen and extend the initial expert disclosure deadline to September 19, 2019, and further extend the rebuttal expert deadline to October 19, 2019. Plaintiffs' counsel requested that Defendants promptly and diligently draft the stipulation to present it to the magistrate before too much time after the deadline expired.

10.   Defendants waited five (5) days to draft and send Plaintiffs' counsel the proposed stipulation. Further, in the stipulation, Defendants made the misrepresentation that they had disclosed an initial expert, prompting Plaintiffs' counsel to object to the content of the stipulation.

11.   Additionally, the stipulation sought only to extend the rebuttal expert deadline, not the initial and rebuttal expert deadlines.

12.   Confused over what Defendants were seeking, Plaintiffs' counsel emailed Defendants on August 23, 2019 to make clear what the parties were doing, seeking confirmation that instead of asking the Court to extend both the initial and rebuttal expert deadline the parties would instead: (1) only seek to extend the unexpired rebuttal expert deadline; (2) to permit Defendants to disclose only a rebuttal expert to the expert Plaintiffs disclosed on August 12, 2019; and (3) to make absolutely clear that Defendants had not disclosed an initial expert, would not be disclosing an initial expert, and were only seeking to extend the rebuttal expert deadline to disclose a rebuttal expert. Defendants responded confirming all of the above.

13. Plaintiffs' counsel sent the August 23, 2019 email for the express purpose of avoiding being caught by surprise with an initial expert report untimely disclosed on the rebuttal expert deadline by Defendants that would prevent Plaintiffs' counsel of obtaining a rebuttal expert.

14. Defendants made clear that they were seeking to extend the rebuttal expert deadline only, and that Defendants would only be disclosing a rebuttal expert witness or witnesses. Defendants assured Plaintiffs' counsel that the potential expert testimony would only address the issues of damages and mitigation in the Kirkendall report, though may rely on additional information and use other methods than those employed by Kirkendall.

15. The parties came to the agreement to only extend the rebuttal expert deadline, and the stipulation was filed on August 27, 2019, and granted on August 28, 2019.

16. Plaintiffs served their first requests for admission, production and interrogatories on Defendants on September 13, 2019.

17. On September 18, 2019, Defendants wrote Plaintiffs' counsel requesting a stipulation to stay discovery on Plaintiff Mancini's claims in the Thirteenth, Fourteenth and Fifteenth causes of action asserting that the claims were barred by claim splitting.

18. On September 20, 2019, the parties held a meet and confer on the matter, and Plaintiffs' counsel refused to stipulate because no stay had been approved, and the discovery being objected to was equally relevant to Plaintiffs' alter-ego liability claim, which was not exclusive to Plaintiff Mancini.

19. Plaintiffs' counsel informed defense counsel that he intended to move to extend discovery and to compel sufficient responses if Defendants did not appropriately respond to Plaintiffs' written discovery requests because the close of discovery was November 10, 2019, less than two months away.

20. Defendants' filed for a protective order on September 23, 2019. *See* ECF No. 73-1.

21. On October 14, 2019, Plaintiffs' counsel emailed defense counsel asking if they had changed their position on the issue of extending discovery from the prior meet and confer. Plaintiffs' counsel received no response.

22. On October 15, 2019, Defendants responded to Plaintiffs' written discovery requests refusing to respond to any request they believed was related to Plaintiffs' Thirteenth, Fourteenth, and Fifteenth causes of action.

23. On October 23, 2019, Defendants filed an Emergency Motion to Stay depositions seeking substantially the same relief as their protective order.

24. On October 23, 2019 Plaintiffs noticed numerous depositions of agents and employees of the Local 1107 and SEIU Defendants.

25. On October 29, 2019, this Court denied the Defendants' Motions and granted Plaintiffs' requests to extend discovery so the Defendants could comply with the discovery requests. The Court ordered the Defendants respond to the requests within 14 days of the order, placing the Defendants responses and production of documents due on November 12, 2019. The Court also extended the discovery cutoff to January 9, 2020. *See* ECF No. 84.

26. Defendants subsequently asserted that they could not respond to the discovery requests within the 14 day deadline imposed by the Court and requested that Plaintiffs stipulate to a three day extension, which Plaintiffs so stipulated. The parties also agreed to vacate the scheduled depositions to permit the Defendants time to provide the responsive documents, and to permit my review of the responses and documents in advance of the depositions. The depositions were rescheduled for December 6th, and December 9th to 11th, after my return from vacation.

27. Defendants' Supplemental Responses to Plaintiffs First Requests, and their responses to Plaintiffs' Second Requests were due on November 15, 2019, upon order of the Court granting the stipulation.

28. On November 15, 2019, the Local 1107 and SEIU International Defendants provided supplemental responses to Plaintiffs' First written discovery requests, and responses to Plaintiffs' Second set of written discovery requests.

29. I left on a long scheduled vacation the next week, through the thanksgiving holiday. Upon return, and a thorough review of the Defendants' responses to the First and Second discovery requests, it became clear that the Defendants failed to respond to the discovery requests as the Court had ordered. Specifically, while being ordered to provide responses to the discovery requests within 14 days, and after Plaintiffs' granted them an extension to comply, the Defendants slipped into their responses their own unilateral and unspecific extension of time to produce the requested documents asserting that they would provide the documents "in a reasonable time frame" and they "expect[ed] and will aim to provide such information by December 3, 2019."

30. The parties held the depositions of Defendants Martin Manteca and Luisa Blue on December 6, 2019, at which time I notified defense counsel for both Defendants that because of their extremely deficient responses to Plaintiffs' written discovery requests and their failure to produce the documents requested necessitated the vacating of the depositions scheduled for the next week, December 9-11th, 2019. The Defendants canceled their own deposition of Plaintiff Cabrera scheduled for December 12, 2019 as well, seeking to have the depositions done together. The parties held a preliminary discussion about extending the discovery schedule before pressing forward with the Manteca and Blue depositions.

31. The Defendants' deficient requests were numerous, and to ensure the parties could hold a fruitful meet and confer on the deficient responses, Plaintiffs drafted a 24 page letter outlining Plaintiffs' objections to the responses and seeking a meet and confer to discuss rescheduling of the depositions. The letter was sent on December 17, 2019.

32. In those objections to the Defendants' responses, Plaintiffs noted that the Defendants had failed to produce documents in response to Plaintiffs' numerous requests for production, and unilaterally granted themselves an extension to December 3, 2019 to produce said documents, which they failed to produce on December 3rd.

33. On the evening of December 17, 2019, at 6:00 pm, the SEIU International Defendants produced over 600 pages of documents that the Court had ordered to be produced on November 14, 2019. These documents are highly relevant to Plaintiffs claims, and specifically, Plaintiffs 30(b)(6) deposition of SEIU International that was scheduled for December 20, 2019.

34. Because these documents were not produced with sufficient time for Plaintiffs counsel to review and prepare to take the 30(b)(6) deposition, Plaintiffs' counsel emailed defense counsel vacating the deposition scheduled for December 20, 2019.

35. Plaintiffs also sent an email to defense counsel noting that in the discovery produced on December 17, 2019, there were numerous emails between Grace Vergara and Brian Shepherd using their @seiunv.org email accounts, which are in the possession, custody and control of Local 1107. Plaintiffs asked Local 1107 defense counsel when Local 1107 would be producing its responses to Plaintiffs' discovery requests that were due on November 15, 2019.

36. On Wednesday, December 18, 2019, at 3:00 pm the parties held a meet and confer on the outstanding discovery disputes. The parties could not address and attempt to resolve all the

disputes in the call as counsel for both Defendants needed to end the call before 5:00pm. The parties scheduled a second meet and confer for Friday, December 20, 2019.

37. The parties did, however, address numerous issues. The first issue the Defendants wanted to discuss was my vacating of the 30(b)(6) deposition because of the Defendants document dump the night before, just two days before the deposition. The Defendants demanded it proceed, asserted that they would refuse to hold it later if I did not proceed with the deposition. In response, I noted the Defendants failures to comply with the Court's order on the discovery, and their own December 3, 2019 deadline in their responses.

38. Defense counsel for both Defendants asserted that the December 3, 2019 date was not a deadline they promised to provide the requests, but simply an estimation of when the documents would be provided.

39. I asked when Local 1107 would be producing the documents requested. Local 1107 defense counsel Even James, Esq., asserted that he would be going to Local 1107 on December 19, 2019, to conduct the search for documents because I was "throwing a fit" about Local 1107's failure to comply with the Court's Order compelling their responses to Plaintiffs' requests for production. Local 1107 defense counsel accused Plaintiffs' counsel of "throwing a fit" at least three times during this meet and confer.

40. I inquired as to why the search had not already been conducted, and defense counsel's response was "I did not say that, there is no requirement that I personally conduct the search, but because you are throwing a fit, I am personally going down to Local 1107 tomorrow to conduct the search," which he asserted could be completed by Monday, December 23, 2019.

41. I asked if the documents would be produced on December 23, 2019, and Local 1107 defense counsel responded "no," asserting that he could not guarantee any documents would be produced by December 23, 2016, and that he "would not be working over the Christmas and New Year holiday," and could not give an affirmative date because "computer problems happen" and could delay the process.

42. I requested the parties stipulate to an extension of the discovery deadlines by two to three months to give the Defendants time to comply with the Court's prior order, to give the parties time to further discuss the ongoing discovery disputes, and to give the Court time to address the coming Motion to Compel. The Defendants refused.

43. At one point in the meet and confer, Local 1107 defense counsel asked Plaintiffs' counsel if he had read Alice and Wonderland, and then asserted that I was "going down the rabbit hole" on a "fishing expedition."

44. I went over the SEIU International supplemental responses with SEIU counsel, who refused to remedy the deficiencies, including an outright refusal to produce any documents relevant to the 2019 Local 1107 election, despite it being relevant and expressly plead as being relevant to Plaintiffs' Fifteenth cause of action.

45. On December 19, 2019, Plaintiffs were forced again to file an emergency motion to extend discovery deadlines because Defendants refused to comply with the Court's order.

46. Another meet and confer was held on December 24, 2019 to discuss the discovery issues that did not get discussed on December 18th.

47. Because Defendants failed to produce the documents in time, numerous depositions were held without the aid of the missing discovery.

48. Defendants blanket refusal to cooperate in discovery caused the Court to have to grant another extension of discovery deadlines on January 17, 2020. *See* ECF No. 14.

49. On March 11, 2020, the Court dismissed many of the claims in this lawsuit.

50. However, on May 19, 2020, the Court reinstated all the claims but Plaintiff Mancini's, and Javier Cabrera's discrimination claims. *see* ECF No. 152.

51. Upon reinstating of the claims, Defendants had fourteen (14) days to file an amended answer, which placed the deadline to file the amended pleading on June 2, 2020. Fed. R. Civ. P. 12(a)(4)(A).

52. SEIU filed their amended answer on June 2, 2020. *See* ECF No. 154.

53. Local 1107 failed to file an amended answer before the dispositive motion deadline, July 22, 2020.

54. Local 1107 finally filed their amended answer on July 23, 2020, after the dispositive motion deadline, and more than a month after the deadline to file the answer expired.

55. Defendants' Motions for Summary Judgment were denied on most of the remaining claims, including the alter-ego liability claim, and this matter is proceeding to trial in October 2021.

56. Defendants have repeatedly ignored and failed to meet deadlines set by the Court including: (1) initial expert deadline; (2) every discovery response deadline causing discovery to

be extended multiple time; (3) the express discovery response deadline set by the Court in December 2019; (4) the deadline to file their amended answer.

57. Defendants in this case have engaged in a pattern of conspicuously stubborn, rebellious, deceptive conduct and discovery abuses from the onset of this case warranting exclusion sanctions.

58. Plaintiffs are prejudiced in that Plaintiffs have no vocational rehabilitation expert to counter Defendants lately disclosed vocational rehabilitation expert.

59. Defendants engaged in deception assured Plaintiffs' counsel that their experts would opine only on the subject matter of Plaintiffs' economist expert report and knowingly disclosed a vocational rehabilitation expert anyway.

60. Defendants then caused repeated discovery disputes based on their stubborn refusal to produce discovery despite no stay being granted, causing unnecessary and repetitive motion practice, and numerous extensions of discovery.

61. Plaintiffs were not given the opportunity to depose Defendants' vocational rehabilitation expert because the Court initially dismissed Plaintiff Miller's ADA claims with a month of discovery remaining, and subsequently reinstated the claims on May 19, 2020, after the close of discovery and without reopening discovery.

62. Allowing Defendants' expert to testify as an initial expert is not harmless because Plaintiffs were deprived of deposing the expert, deprived of the ability to timely disclose a rebuttal expert, the pretrial order is filed with trial setting in October 2021.

63. Allowing Defendants' expert to testify as an initial expert will require a reopening of discovery, require Plaintiff to obtain an entirely new expert, and depose Defendants' expert.

64. As such, exclusion of Defendants' vocational rehabilitation expert is warranted.

65. The majority of the above representations are already part of the record of this case, having been outlined, filed and supported by exhibits of the parties' emails, disclosures, and production in Plaintiffs' numerous emergency motions to extend, motions to compel, and motion for sanctions and related orders. *See* ECF Nos. 84, 96, 107, 109, 114.

DATED this 15th day of September 2021.

                                                                              /s/ Michael J. Mcavoyamaya\_\_\_\_\_
                                                                              MICHAEL MCAVOYAMAYA, ESQ.