**CHRISTENSEN JAMES & MARTIN**
EVAN L. JAMES, ESQ. (7760)
DARYL E. MARTIN, ESQ. (6735)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com, dem@cjmlv.com
*Attorneys for Defendants Nevada Service Employees*
*Union, Luisa Blue, and Martin Manteca*

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER CABRERA, an individual; DEBORAH MILLER, an individual, CHERIE MANCINI, an individual; NEVADA SERVICE EMPLOYEES UNION STAFF UNION ("NSEUSU"), an unincorporated association, <br><br>                    Plaintiffs, <br><br> vs. <br><br> SERVICE EMPLOYEES INTERNATIONAL UNION, a nonprofit cooperative corporation; LUISA BLUE, in her official capacity as Trustee of Local 1107; MARTIN MANTECA, in his official capacity as Deputy Trustee of Local 1107; MARY K. HENRY, in her official capacity as Union President; CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION dba NEVADA SERVICE EMPLOYEES UNION aka SEIU LOCAL 1107, a nonprofit cooperative corporation; CAROL NIETERS, an individual; DOES 1-20; and ROE CORPORATIONS 1-20, inclusive, <br><br>                    Defendants. | Case No.: 2:18-cv-00304-RFB-DJA <br><br><br> **AMENDED JOINT PRETRIAL ORDER** |

After pretrial proceedings in this case,

IT IS HEREBY ORDERED in accordance with Chamber Practices:

## I.     THE NAMES, LAW FIRMS, ADDRESSES, AND TELEPHONE AND FAX NUMBERS OF TRIAL COUNSEL.

A. Plaintiff's Counsel.
Michael J. Mcavoyamaya, Esq.
4539 Paseo Del Ray
Las Vegas, Nevada 89121
Telephone: (702) 299-5083

B. Defendant Clark County Public Employees Association dba Nevada Service Employees Union dba Local 1107 (hereinafter "Local 1107") Counsel. Note, the caption misnames this defendant. The correct name of the defendant is Nevada Service Employees Union.

Christensen James & Martin
Evan L. James, Esq.
Daryl E. Martin, Esq.
7440 W Sahara Ave.
Las Vegas, NV 89117
Telephone: (702) 255-1718
Fax: (702) 255-0871

C. Defendant Service Employees International Union (hereinafter "SEIU") Counsel.
Rothner, Segall & Greenstone
Glenn Rothner, Esq.
Eli Naduris-Weissman, Esq.
510 South Marengo Avenue
Pasadena, California 91101-3115
Telephone: (626) 796-7555
Fax: (626) 577-0124

## II.    SUBJECT MATTER JURISDICTION.

A.     Plaintiffs' Statement.

On February 16, 2018, this action was removed to Federal Court pursuant to the doctrine of complete preemption pursuant to 29 U.S.C. § 185, Section 301 of the LMRA. Plaintiffs amended the complaint to add federal discrimination claims in violation of the ADA. This Court has jurisdiction over the federal claims pursuant to 28 USC § 1331 and §1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

B.    Local 1107's Statements.

    i.    Miller's Claims.

        a.    Discrimination Claims (First and Tenth Claims for Relief). Jurisdiction over First Claim for Relief exists pursuant to Article III of the United States Constitution as the Americans with Disabilities Act ("ADA") is federal statute. Jurisdiction over the Tenth Claim for Relief exists pursuant to 29 U.S.C. § 1367.

        b.    Retaliation Claims (Second and Eleventh Claims for Relief). Jurisdiction over Second Claim for Relief exists pursuant to Article III of the United States Constitution as the ADA is federal statute. Jurisdiction over the Eleventh Claim for Relief exists pursuant to 29 U.S.C. § 1367.

        c.    Hostile Work Environment Claim (Third Claim for Relief). Jurisdiction over the Third Second Claim for Relief exists pursuant to Article III of the United States Constitution as the ADA is federal statute.

    ii.    Alter-Ego.  Alter-ego is a legal doctrine and not a claim for relief. Jurisdiction must attach in connection to a claim for relief.

C.    SEIU's Statements.

    i.    <u>General Statement of Subject Matter Jurisdiction</u>: SEIU concurs with Local 1107's statement regarding subject matter jurisdiction,

and does not contest that there is subject matter jurisdiction over Plaintiffs' claims under the Americans with Disabilities Act, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301"), and supplemental jurisdiction, under 29 U.S.C. § 1367, over Plaintiffs' claims under Nevada law, specifically the Tenth and Eleventh claims asserting violations of N.R.S. §§ 613.330(1) & 613.340(1).

III.  **STATEMENTS OF ISSUES REMAINING TO BE TRIED.**

A.    Plaintiffs' Statements.

This is an action for employment discrimination under state law and the Americans with Disabilities Act ("ADA"). Plaintiffs have also alleged alter-ego liability against SEIU International. The remaining claims are as follows:

i.  Plaintiff Miller's Remaining Claims.

Claim One – Disability Discrimination in Violation of the ADA. *See* 42 U.S.C. § 12101 et seq; 29 C.F.R. § 1630.2

Claim Two – Retaliation in Violation of the ADA *See* 42 U.S.C. § 12101 et seq; 29 C.F.R. § 1630.2

Claim Three – Disability Harassment/Hostile Work Environment in Violation of the ADA *See* 42 U.S.C. § 12101 et seq; 29 C.F.R. § 1630.2

Claim Ten – Disability Discrimination in Violation of NRS 613.330

Claim Eleven - Disability Discrimination in Violation of NRS 613.340

ii.   Plaintiff's Discrimination Claims. Local 1107 has conceded that Miller's diabetes constitutes a disability under the ADA, and as such Plaintiff need not prove at trial that she is disabled under the act. Plaintiff will show that she was qualified. Plaintiff will show that she was discriminated against because of her diabetes disability and that she was

denied reasonable accommodations required by the ADA and Local 1107's own policies.

iii.     Plaintiff's Retaliation Claims. Local 1107 has conceded that Miller engaged in a protected activity. Plaintiff will establish that she (1) suffered an adverse employment action and (2) that there was a causal connection between the action and the protected activity.

iv.     Miller's Harassment/Hostile Work Environment Claim. Plaintiff will seek to establish that she was (1) subject to unwelcome harassment, (2) the harassment was based on her disability, (3) the harassment affected a term, condition or privilege of employment; and (4) the employer knew or should have known of the harassment and failed to take prompt, remedial action.

v.     Damages. The issue of compensatory and punitive damages and mitigation of damages remains to be tried. Punitive damages are available and appropriate for jury consideration for Miller's First, Tenth and Eleventh Claims for Relief. *See* NRS 613.432; *see also* 42 U.S.C.S. § 1981a.

vi.     Additional Matters. Plaintiffs have alleged alter-ego liability seeking to hold SEIU International jointly and severally liable for all claims alleged herein. The factors Plaintiff will seek to prove are that SEIU and Local 1107 had "1) inter-relation of operations; 2) common *vii.*     management; 3) centralized control of labor relations; and 4) common ownership or financial control."); *see also Childs v. Local 18, Int'l Bhd. of Elec. Workers*, 719 F.2d 1379, 1382 (9th Cir. 1983); *Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 645 (D. Nev. 1995).

B.   Local 1107's Statements.

The following matters are at issue.

i.   <u>Miller's Discrimination Claims</u>. Local 1107 concedes that Miller's diabetes constitutes a disability. Miller must show that (1) she was discriminated against because of her diabetes and (2) the alleged discriminatory acts would not have occurred but-for the disability. Local 1107 asserts Miller cannot do so; that she was not subject to an adverse employment action; that she was granted reasonable accommodations; that but for a requested and granted leave of absence to address her diabetes, she refused to implement granted accommodations; the accommodations she requested were not reasonable nor available and / or would create an undue hardship, and that she abandoned the interactive process prior to voluntarily leaving her employment. Local 1107 asserts that since Miller voluntarily left her employment she must establish being constructively discharged as she has pleaded. Local 1107 further asserts that Miller was not a qualified individual under the discrimination statutes.

ii.   <u>Miller's Retaliation Claims</u>. Local 1107 concedes that Miller engaged in a protected activity. She must therefore establish that she (1) suffered an adverse employment action and (2) the adverse action would not have occurred but for her claimed disability. Local 1107 asserts Miller cannot do so; that she was not subject to an adverse employment action; that she was granted reasonable accommodations; that but for a requested and granted leave of absence to address her diabetes, she refused to implement granted accommodations; and that she abandoned the interactive process

prior to voluntarily leaving her employment. Local 1107 asserts that Since Miller voluntarily left her employment she must establish being constructively discharged as she has pleaded.

iii. <u>Miller's Harassment/Hostile Work Environment Claim</u>. Local 1107 asserts that the Ninth Circuit Court of Appeals has not recognized the cause of action of hostile work environment under the ADA. As such, this is not a cognizable claim. Assuming that such a claim was recognized, Miller would need to prove that she was (1) subject to unwelcome harassment, (2) the harassment would not have occurred but for her disability, and (3) the conduct was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive work environment. Local 1107 asserts that Miller cannot meet the elements nor show that the alleged conduct was frequent enough, severe enough, physically threatening or humiliating beyond mere coincidence, or sufficient enough to interfere with her employment so as to alter the terms and conditions of her employment, especially given the accommodations provided to Miller but which she refused to implement.

iv. <u>Alter Ego</u>. Local 1107 concurs with SEIU's statements on the matter.

v. <u>Damages</u>. For Miller's discrimination claim, the issue of compensatory and punitive damages and mitigation of damages remains to be tried. As to her punitive damages prayer for relief, the issue of intentional discrimination through acts of malice or reckless indifference will need to be specifically proven. Punitive damages are available and appropriate for jury consideration for Miller's First and Tenth Claims for Relief. *See* NRS 613.432; *see also* 42 U.S.C.S. § 1981a.

vi. <u>Issues not to be tried</u>. The Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action are not to be tried based on prior dispositive rulings of the Court.

C.     SEIU's Statements.

Below SEIU briefly summarizes the claims and defenses that remain to be tried. The list of remaining claims is based on the First Amended Complaint and the Court's prior dispositive orders, namely the Court's orders related to Defendants' motions to dismiss under Rule 12(b)(6) [ECF Nos. 131, 133, & 152], the Court's order on all parties' motions for summary judgment [ECF No. 224], and the Court's order on SEIU's motion for reconsideration [ECF No. 255].

i.     <u>As to All Claims</u>:  SEIU asserts that it may not be held liable for Local 1107's employment actions, as asserted by Plaintiffs, based on the "alter-ego" or "single employer" claims under the Americans with Disabilities Act or the claims asserted by Plaintiffs under Nevada law.

ii.     <u>Miller's Discrimination Claim (First and Tenth Causes of Action)</u>: SEIU concurs with Local 1107's statement of the claims and defenses at issue with respect to Miller's disability discrimination claims, alleged under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, and Nevada Revised Statutes § 613.330(1).  In addition, SEIU raises the defense that it may not be held liable for Local 1107's employment conduct as alleged by Plaintiffs under those laws.

iii.     <u>Miller's Retaliation Claims (Second and Eleventh Causes of Action)</u>: SEIU concurs with Local 1107's statement of the claims and defenses at issue with respect to Miller's retaliation claims, alleged under the Americans with Disabilities Act, 42 U.S.C. § 12203(a), and

Nevada Revised Statutes § 613.340(1). In addition, SEIU raises the defense that it may not be held liable for Local 1107's employment conduct as alleged by Plaintiffs under those laws.

iv.   Miller's Harassment/Hostile Work Environment Claim (Third Cause of Action): SEIU concurs with Local 1107's statement of the claims and defenses at issue with respect to Miller's harassment/hostile environment claims, apparently alleged under the Americans with Disabilities Act but without citation to any specific statute.  *See* ECF No. 27 (First Amended Complaint) at 15-16.  Additionally, SEIU raises the defense that it may not be held liable for Local 1107's employment conduct as alleged by Plaintiffs under the ADA.

v.   Issues NOT to be Tried: SEIU hereby specifies that the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action are not to be tried based on prior dispositive rulings of the Court.

**IV.**   Statement on trial days and jury vs. judge trial.

A.   The parties estimate trial will take eight days. Plaintiffs asserted a jury demand on all issues in their First Amended Complaint. Local 1107 asserts that (1) a jury is not allowed on Miller's retaliation claim because it is not subject to jury consideration, *See Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009), and (2) a jury is not allowed to consider punitive damages as it is the Court's duty to craft federal labor policy. SEIU concurs with Local 1107's position regarding which claims may be tried to a jury. Plaintiff asserts that a jury trial on Plaintiff's First, Tenth, and Eleventh claims for relief are permitted, including the Nevada retaliation claim. *See* NRS 613.432. Plaintiff contends that the Court's duty to craft federal labor policy does not preclude the jury's consideration of appropriate punitive damages.

The parties propose trial for **the week of April 18-22, 2022 and April 25-29, 2022.** Defense counsel and parties are not available for trial in May or June of 2022.

**V.** Consent to trial by magistrate judge.

The parties did not reach consensus on trial by a magistrate judge.

**VI.** Stipulations as to facts. The parties are unable to stipulate as to facts.

**VII.** Stipulations as to law. Diabetes is a recognized disability under the Americans with Disabilities Act.

**VIII.** A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony.

    A. Plaintiffs' lists of witnesses.

        i. Javier Cabrera is expected to testify about his termination for engaging in union activity and overhearing Manteca tell Local 1107 managers to find reasons to terminate Miller's employment. The 2015 NLRB case.

        ii. Debbie Miller is expected to testify about all matters relating to the allegations of the First Amended Complaint.

        iii. Cherie Mancini is expected to testify regarding Local 1107's prior grant of a Local 1107 employee reasonable accommodations of transfer from organizers to the front desk position and the qualifications for the front desk position. The 2015 NLRB case.

        iv. Mary K. Henry is expected to give testimony regarding her involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability.

v.   Kathy Eddie is expected to give testimony regarding SEIU International's involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability.

vi.   Neal Bisno is expected to give testimony regarding SEIU International's involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability.

vii.   Luisa Blue is expected to give testimony regarding all matters pertaining to the allegations in the FAC. Ms. Blue is also expected to give testimony regarding SEIU International's involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability.

viii.   Martin Manteca is expected to give testimony regarding all matters pertaining to the allegations in the FAC. Ms. Blue is also expected to give testimony regarding SEIU International's involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability. Mr. Manteca will also testify regarding past allegations of harassment of organizing staff.

ix.   Deedee Fitzpatrick is expected to give testimony regarding SEIU International's involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability.

x.      Barry Roberts is expected to give testimony regarding all matters pertaining to the allegations in the FAC. Mr. Roberts is also expected to give testimony regarding SEIU International's trusteeship program, scheme, or plan that is implemented in every SEIU International trusteeship. Mr. Roberts is expected to testify about directive he received to target Plaintiff Miller for termination.

xi.     Davere Godfrey is expected to give testimony regarding all matters pertaining to the allegations in the FAC and directives given to managers to target certain Local 1107 employees.

xii.    Brian Shepherd is expected to give testimony regarding all matters pertaining to the allegations in the FAC. Mr. Shepherd is expected to give testimony regarding SEIU International's involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability. Mr. Shepherd will give testimony regarding his prior involvement with Local 1107 in 2015 and the termination of Plaintiff Cabrera in 2015.

xiii.   Grace Vergara is expected to give testimony regarding all matters pertaining to the allegations in the FAC. Ms. Vergara is expected to give testimony regarding SEIU International's involvement and directives to Local 1107 regarding operations, staffing and other matters related to the issue of alter-ego liability. Ms. Vergara will give testimony regarding his prior involvement with Local 1107 in 2015 and the termination of Plaintiff Cabrera in 2015.

xiv.   Lanita Troyano is expected to give testimony regarding all matters pertaining to the allegations in the FAC.

xv.    Rosy Salinas is expected to give testimony regarding all matters pertaining to the allegations in the FAC.

xvi.   Robert Clarke is expected to testify regarding Local 1107's prior grant of a Local 1107 employee reasonable accommodations of transfer from organizers to the front desk position. Mr. Clarke will also give testimony regarding Local 1107's breach of his employment contract.

xvii.  Peter Nguyen is expected to testify regarding Local 1107's prior grant of a Local 1107 employee reasonable accommodations of transfer from organizers to the front desk position. Mr. Nguyen will also give testimony regarding Local 1107's breach of his employment contract.

xviii. Yvette Saenz is expected to give testimony regarding all matters pertaining to the allegations in the FAC.

xix.   Betsy M. Palal MD is Plaintiff Miller's treating physician and is expected to testify regarding her physical impairment and its effect on her major life activities.

xx.    Person Most Knowledgeable and/or Custodian of Records, Betsy M. Palal MD will authenticate medical records.

xxi.   Nick Liu, MD is Plaintiff Miller's treating physician and is expected to testify regarding her physical impairment and its effect on her major life activities.

xxii.  Person Most Knowledgeable and/or Custodian of Records, Nick Liu, MD, will authenticate medical records.

xxiii. Raji Venkat is Plaintiff Miller's treating physician and is expected to testify regarding her physical impairment and its effect on her major life activities.

xxiv. Person Most Knowledgeable and/or Custodian of Records, Raji Venkat, MD, will authenticate medical records.

xxv. Remzi Jaos is a former SEIU Local 73 staff member expected to testify regarding SEIU International's implementation of its trusteeship program, scheme or plan that involves getting rid of local union staff.

xxvi. Kevin B. Kirkendall, MBA, CPA-CGMA, CFE, 1522 is Plaintiff Miller's damages expert and will give testimony regarding her actual damages from lost wages, benefits etc.

xxvii. Brenda Marzan is expected to give testimony regarding SEIU International's involvement in Local 1107 operations during the trusteeship.

xxviii.   Glenn Rothner is expected to testify regarding his involvement with drafting Local 1107's constitution and bylaws while serving as SEIU International's attorney.

xxix. Steve Ury is expected to testify regarding his involvement with drafting Local 1107's constitution and bylaws while serving as SEIU International's attorney.

xxx. Custodian of records Local 1107.

xxxi. Custodian of records SEIU International.

xxxii. In addition to the witnesses listed, Local 1107 lists those witnesses identified by other parties and reserves the right to call such witnesses.

xxxiii.   Plaintiffs object to Defendants' expert witnesses.

xxxiv. Plaintiff objects to the use of any documents exchanged between himself and counsel for Local 1107 as they are documents exchanged for the purpose of settlement and not admissible.

B.   Local 1107 list of witnesses.

i.   Michael J. Mcavoyamaya. 4539 Paseo Del Rey, Las Vegas, Nevada 89121. Mr. Mcavoyamaya is expected to authenticate documents authored by him and confirm statements made by him.

ii.   Debbie Miller. C/O Michael J. Mcavoyamaya, 4539 Paseo Del Rey, Las Vegas, Nevada 89121. Ms. Miller will testify about the allegations and associated matters asserted in the First Amended Complaint.

iii.   Martin Manteca. C/O Christensen James & Martin, 7440 W Sahara Ave., Las Vegas, NV 89117. Mr. Manteca will testify about the allegations and associated matters asserted in the First Amended Complaint.

iv.   Luisa Blue. C/O Christensen James & Martin, 7440 W Sahara Ave., Las Vegas, NV 89117. Ms. Blue will testify about the allegations and associated matters asserted in the First Amended Complaint.

v.   Sean W. McDonald, Esq. 1375 55th Street Emeryville, CA 94608. Mr. McDonald will to testify about his interactions with the Plaintiffs' counsel, his communications with the Plaintiffs' counsel, and any other appropriate matter relating to the issues associated with the litigation. Note, listing Mr. McDonald as a witness is not intended to constitute a waiver of the attorney-client privilege or the attorney work product privilege. Numerous communications and interactions between Mr. McDonald and Mr. Mcavoyamaya occurred relating to

the subject matter of the First Amended Complaint, and it is those non-privileged communications, documents and interactions that may be the subject of his testimony.

vi.   LaNita Troyano. C/O Christensen James & Martin, 7440 W Sahara Ave., Las Vegas, NV 89117. Ms. Toroyano is expected to testify about matters relating to the allegations of the First Amended Complaint.

vii.   Brenda Marzan. C/O Christensen James & Martin, 7440 W Sahara Ave., Las Vegas, NV 89117. Ms. Marzan is expected to testify about matters relating to the allegations of the First Amended Complaint.

viii.   Rosario (Rosie) Salinas. C/O Michael J. Mcavoyamaya, 4539 Paseo Del Rey, Las Vegas, Nevada 89121. Ms. Salinas is expected to testify about matters relating to the allegations of the First Amended Complaint.

ix.   Grace Vergara-Mactal. C/O Christensen James & Martin, 7440 W Sahara Ave., Las Vegas, NV 89117. Ms. Vergara-Mactal is expected to testify about the matters relating to the allegations of the First Amended Complaint.

x.   Brian Shepherd. C/O Christensen James & Martin, 7440 W Sahara Ave., Las Vegas, NV 89117. Mr. Shepherd is expected to testify about the matters relating to the allegations of the First Amended Complaint.

xi.   Edward L. Bennett. 5290 Overpass Road, Suite 118, Santa Barbara, CA 93111. Mr. Bennet will testify about matters associated with his expert report.

xii.     Kirk Marangi. 30 N. Raymond Ave., Suite 411, Pasadena, CA 91103. Mr. Marangi will testify about matters associated with his expert report.

xiii.    In addition to the witnesses listed, Local 1107 lists those witnesses identified by other parties and reserves the right to call such witnesses.

C.     SEIU's list of witnesses.

SEIU concurs with the list of witnesses provided by Local 1107 and reserves the right to call any such witnesses as though SEIU's own witness. In addition, SEIU intends to call:

i.     Deirdre Fitzpatrick. Rothner, Segall & Greenstone, 510 South Marengo Avenue, Pasadena, California 91101-3115.  Chief of Staff of SEIU International. Ms. Fitzpatrick will testify about the allegations and associated matters asserted in the First Amended Complaint, and specifically regarding the relationship between SEIU International and Local 1107 during the trusteeship over Local 1107, in response to Plaintiffs' claims that SEIU is liable for Local 1107's conduct because it is an alter ego of or single employer with Local 1107.

**IX.**     Designation of deposition testimony.

All objections are preserved as to proffered deposition testimony. Otherwise, each party hereby designates as follows:

A.     Plaintiffs' designations. Plaintiff intends to utilize depositions as testimony if a witness gave deposition testimony and that witness is justifiably unavailable for trial. Plaintiff reserves the right to identify such depositions or portions of the depositions as may be necessary. Plaintiff reserves the right to use depositions for all additional lawful

purposes. At present, Plaintiff designates the following as potential deposition testimony[1]

    i.   Brian Shepherd

    ii.   Martin Manteca

    iii.   Javier Cabrera

    iv.   Debbie Miller

    v.   Davere Godfrey

    vi.   Lanita Troyano

    vii.   Luisa Blue

    viii.   Grace Vergara

    ix.   Rosy Salinas

    x.   Brenda Marzan

    xi.   Mary Grillo

    xii.   DeeDee Fitzpatrick

    xiii.   Mary Kay Henry

    xiv.   Neal Bisno

    xv.   Local 1107's 30b6 witness

    xvi.   SEIU's 30b6 witnesses

B.   Local 1107's designations.  Local 1107 intends to utilize depositions as testimony if a witness gave deposition testimony and that witness is justifiable unavailable for trial. Local 1107 reserves the right to identify such depositions or portions of the depositions as may be necessary. Local 1107 reserves the right to use depositions for all additional lawful purposes. At present, Local 1107 designates the following as potential deposition testimony: Staff Union 36(b)6 (Rosario Salinas), Javier Cabrera, and Debbie Miller.  Local 1107 joins in SEIU's objection to

---

[1] These depositions include those conducted in related cases that the parties stipulated were part of the record of this case.

depositions taken in earlier actions and further objects to Plaintiff's blanket misstatement that depositions from prior cases were stipulated to be part of the record.

C.   SEIU's designations. Pursuant to Federal Rule of Civil Procedure 32, SEIU designates the depositions of Plaintiffs Javier Cabrera, Debbie Miller, and the deposition of NSEUSU's designee under Rule 30(b)(6), Rosario Salinas.  SEIU reserves the right to use such testimony for any and all purposes allowable by law, specifically against the adverse parties (Plaintiffs) in this action, and without limitation as to which portions of such depositions.

   i.   SEIU objects to use of depositions taken in earlier actions, including specifically the following depositions listed by Plaintiff:  Brenda Marzan, Mary Grillo, DeeDee Fitzpatrick, Mary Kay Henry, Neal Bisno, Local 1107's 30b6 witness, SEIU's 30b6 witnesses. *See* Fed. R. Civ. Pro. 32(a)(8).

**X.**   Exhibit lists.

The parties agree that even where a document is marked as admissible, portions of the document may not be admissible. Local 1107 and SEIU have sought to follow the Court's chamber practices directive regarding the use of one star * and two stars ** for authenticity and admissibility. However, that practice is difficult to apply to the documents because certain portions of documents may be impermissible for consideration. Objections to portions of documents are therefore preserved and may be asserted at appropriate times. If not marked with a * or **, all objections are retained.

A.      Plaintiffs' list.

| | No. | Description | Bates Nos. |
|---|---|---|---|
| ** | | NSEUSU Collective Bargaining Agreement 2015-2018 | CMM7892-7928 |
| * | | 28-CA-209109 NLRB Trial Transcripts | CMM8017-8602 |
| | | 28-CA-156789 NLRB Charge against Local 1107 | CMM7773 |
| | | 28-CA-156789 NLRB sworn statement Susan Smith and exhibits | CMM7716-7740 |
| | | | CMM7741-7772 |
| | | NSEUSU Grievance 6/20/2017 | CMM7948 |
| | | NSEUSU Grievance 7/29/2017 | CMM7950-51 |
| | | NSEUSU Grievance 10/06/2017 | CMM7952 |
| ** | | NSEUSU Grievance 10/29/2017 | CMM7954 |
| | | NSEUSU Grievance 10/31/2017 | Local – 0036 |
| | | NSEUSU Grievance 11/28/2017 | Local – 37 |
| | | Local 1107 Personnel Policies 12/2017 | CMM7707 |
| | | Local 1107 Informal Meeting Notes | Local 89-90 |
| | | Debbie Miller Medical Records Dr. Raji Venkat | CMM1729-98 |
| | | Debbie Miller Medical Records Dr. Betsy Palal | CMM1725-28 |
| | | Miller Doctors Notes Dr. Nick Liu | Local 82, 83, 85 |
| | | Miller Doctors Notes Dr. Raji Venkat | Local 84, 86 |
| | | Local 1107 10/19/2017 Email/Letter to Miller | Local 14-16 |
| | | Local 1107 Email and Letter 10/26/2017 | Local 27-30 |
| | | TWR Campaign Documents | CMM428-481 |
| | | Local 1107 Notice of Termination to Cabrera 8/11/2017 | CMM7886-91 |
| | | Local 1107 Resp. 2nd Disc. Req. 11/14/2019 | |
| | | Local 1107 Step 1 Letter to Miller 1/3/2018 | CMM184-187 |
| | | Local 1107 Step 2 Letter to Cabrera 1/29/2018 | CMM161-165 |
| | | Local 1107 12/01/2017 Policies | CMM7708-15 |
| | | Miller email to Manteca and Blue RE: Request for Reasonable Accommodations | Local – 23-24 |
| | | Local 1107 Letter 2/12/2018 | CMM203-205 |
| | | Local 1107 Letter 2/15/2018 | CMM206 |
| | | Local 1107 Letter 2/26/2018 | Local 10037 |
| | | Debbie Miller's Medical Records from Palm Medical Group, | CMM 1726-1728 |
| | | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated September 19, 2017 | CMM 1758 |
| | | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated October 9, 2017 | CMM 1746 |
| | | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated October 31, 2017 | CMM 1756 |
| | | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated December 10, 2018 | CMM 1737 |
| | | Local 1107 Letter 9/06/2019 | |
| | | Local 1107 Letter RE: Cabrera Termination 10/30/2017 | CMM 151-155 |

| | | | |
|---|---|---|---|
| | | Grievance filed October 31, 2017, seeking to have Javier Cabrera reinstated and made whole in every way | Local 36 |
| | | Local 1107 Responses to Interrogatories | |
| | | Local 1107 Responses to Requests for Admission | |
| | | SEIU Responses to Interrogatories | |
| | | SEIU Responses to Requests for Admission | |
| | | Letter from Martin Manteca to Susan Smith, dated December 21, 2017 | CMM 156-159 |
| | | Barry Robert's Sworn Affidavit | CMM1737-41 |
| | | SEIU International Emails (Clarke case discovery) | SEIU204-205 |
| | | SEIU International Emails (Clarke case discovery) | SEIU0075 |
| | | SEIU/Local 1107 Salary Agreement Manteca | SEIU-CAB674 |
| | | Grievance filed on October 6, 2017 on behalf of John Archer. | CMM 176 |
| | | Grievance, dated February 7, 2018 | CMM 1669 |
| | | SEIU Constitution | SEIU2376-2446 |
| | | Kirkendall Expert Report with exhibits | |
| | | Blue email and memo RE: Cases against L1107 | SEIU CAB686-688 |
| | | Blue Responses To Requests for Admission | |
| | | Blue Responses to Interrogatories | |
| | | Manteca Responses to Requests for Admission | |
| | | Manteca Responses to Interrogatories | |
| | | SEIU International Emails | SEIU-CAB35-43 |
| | | Mary Kay Henry Email 6/16/2017 | CMM471-478 |
| | | Troyano Investigatory Meeting Notes | CMM1587-88 |
| | | Javier Emails RE: Out of the Office | SEIUNV70-74 |
| | | Local 1107 Settlment with Javier Cabrera 5/17/2016 | SEIUNV296 |
| | | Javier Cabrera Weekly Plans | CMM7962-65 |
| | | Godfrey Email | SEIUNV176 |
| | | Javier Debrief Sheets | CMM7968-70 |
| | | Local 1107 Personnel Policies 2015 | SEIUNV498-505 |
| | | Vergara Emails | SEIUNV75-81 |
| | | Local 1107 March 1, 2019 Personnel Policies | CMM7829-35 |
| | | November 27, 2017 Personnel Policies | CMM7836-43 |
| | | Settlement agreement between L1107 and Cabrera 2016 | CMM7946 |
| | | Map of L1107 Office Building | CMM7955-56 |
| | | Local 1107 Personnel Policies 2015 | CMM8002-09 |
| | | Local 1107 Member emails RE: C&B amendments | CMM8603-24 |
| | | Vergara email 2/6/2018 Email RE: Turf Plan Deadline | CMM1672 |
| | | Miller Income Tax Documents | CMM1-43 |
| | | Miller Davita Pay Stubs | CMM44-121 |
| | | Local 1107 12/21/2017 Letter | CMM156-59 |
| | | NSEUSU Grievance 7/26/2017 | CMM172 |
| | | NSEUSU Grievance 5/03/2017 | CMM173 |
| | | NSEUSU Grievance 9/25/2017 | CMM176 |
| | | NSEUSU Grievance 5/3/2018 | CMM178 |

| | | | |
|---|---|---|---|
| | | TWR Emails and Power Point | CMM428-463 |
| | | TWR Plan Email and Attachments | CMM464-470 |
| | | Manteca  Email RE: TWR Materials | CMM479-517 |
| | | Barry Robert's Sworn Affidavit | CMM593-597 |
| | | NLRB ALJ Decision | CMM598-612 |
| | | MKH Response to Requests for Admission | |
| | | MKH Responses to Requests for Interrogatories | |
| | | Blue Email 5/27/2018 | SEIU-CAB686-88 |
| | | SEIU International emails | SEIU-CAB92-127 |
| | | Shepherd Emails to Eddy 9/28/2018 | SEIU-CAB131 |
| | | Eddy Email COF Agenda | SEIU-CAB152-156 |
| | | Eddy Email 1107 Report | SEIU-CAB157 |
| | | Trustees report to MKH 10/5/2018 | SEIU-CAB159-166 |
| | | Eddy Email 10/5/2018 | SEIU-CAB169-170 |
| | | Eddy Email 8/27/2018 | SEIU-CAB181 |
| | | Shepherd Email 9/10/2018 | SEIU-CAB235-236 |
| | | Shepherd email 9/10/2018 | SEIU-CAB241-245 |
| | | Fitzpatrick Email 11/13/2018 | SEIU-CAB250 |
| | | Trustee Memo to MKH 10/5/2018 | SEIU-CAB251-258 |
| | | Trustee Memo to MKH 11/11/2018 | SEIU-CAB259 |
| | | Bisno Email | SEIU-CAB269 |
| | | Bisno Emails | SEIU-CAB271-75 |
| | | Bisno Email | SEIU-CAB278-79 |
| | | Bisno Email | SEIU-CAB280-81 |
| | | Eddy Email 12/06/2018 | SEIU-CAB284-85 |
| | | Eddy Email 11/3/2018 | SEIU-CAB290-91 |
| | | Eddy Email 10/25/2018 | SEIU-CAB292 |
| | | Eddy Email COF Comms plan | SEIU-CAB295 |
| | | Bates Email 11/10/2018 | SEIU-CAB320 |
| | | Bates Email | SEIU-CAB334-342 |
| | | Shepherd Email 10/22/2018 | SEIU-CAB398-99 |
| | | MKH Email 12/17/2018 | SEIU-CAB416-418 |
| | | Ratification Plan 11/28/2018 | SEIU-CAB470-72 |
| | | Bisno email 10/15/2018 | SEIU-CAB489 |
| | | MKH Email 10/1.2018 | SEIU-CAB492-93 |

| | | COF Draft Agenda | SEIU-CAB528-29 |
|---|---|---|---|
| | | Draft Agenda SEIU Intl Meeting 10/11/2018 | SEIU-CAB617-625 |
| | | SEIU Planning Next Steps | SEIU-CAB651-63 |
| | | Pension and Health Benefit Tables | Local 6841-42 |
| | | While many of the designations in the preceding table list documents with bates numbers produced by Plaintiffs in this matter, Plaintiffs reserved the right to supplement these exhibits with corresponding identical documents presumed to be authentic because they were produced in discovery by Defendants. | |
| | | | |
| | | Rebuttal documents. Plaintiffs places other parties on notice that other documents not listed as an exhibit may be used as exhibits in rebuttal to testimony given or other evidence presented. | |

Plaintiffs reserve the right to raise additional objections should issues be discovered in the future.

   B.   Local 1107's list.  Local 1107, despite reserved objections, also objects to Plaintiffs' exhibit list as identifying documents not produced during the litigation and too indefinitely described. In addition, some of the documents may contain information that should not be admitted due to is content and the potential confusion of a jury. Local 1107 reserves the right to object to portions of documents.

| No. | Description | Bates Nos. |
|---|---|---|
| 1001 | Emergency Trusteeship Order | |
| 1002 | Email from Debbie Miller to Martin Manteca, dated September 28, 2017, at 3:35 p.m. | Local 603 |
| 1003 | Email from Martin Manteca to Debbie Miller, dated September 28, 2017, at 6:04 p.m. | Local 603 |
| 1004 | Email from Debbie Miller with attachments, Dated October 11, 2017, at 1:48:46 p.m. | Local 5-7 |

| 1005 | Raji Venkat, Dr. Note, dated October 9, 2017 | Local 9 |
| 1006 | Nick Liu, Dr. Note, dated October 11, 2017 | Local 8 |
| 1007 | Betsy Palal, Dr. Note, dated November 7, 2017 | Local 63 |
| 1008 | Meeting Notes, dated October 17, 2017 | Local 681-682 |
| 1009 | Email from Debbie Miller to Martin Manteca, dated October 17, 2017, at 9:09 p.m. | Local 607 |
| 1010 | Email to Debbie Miller with attachment, dated October 19, 2017, at 11:29:50 a.m. | Local 14-16 |
| 1011 | Request for additional information letter dated October, 19, 2017 | Local 516-517 |
| 1012 | Email from Debbie Miller with attachment, dated October 23, 2017 at 9:38 p.m. | Local 23 - 25 |
| 1013 | Accommodations letter dated 10/26/2017 | Local 518-520 |
| 1014 | Email from Debbie Miller to Martin Manteca, dated October 28, 2017, at 8:10:31 | Local 845-847 |
| 1015 | Email from Debbie Miller, dated October 31, 2017, at 5:15:30 p.m. | Local 109 |
| 1016 | Email from Martin Manteca, dated October 31, 2017, at 2:35 p.m. | Local 862-863 |
| 1017 | Email from Susan Smith with attachment, dated October 29, 2017, at 8:29:54 | Local 34-35 |
| 1018 | Debbie Miller Grievance, dated October 29, 2017 | Local 35 |
| 1019 | Email chain between Martin Manteca and Susan Smith, last email dated December 4, 2017, at 4:10:58 | Local 113-114 |
| 1020 | Email chain between Martin Manteca and Debbie Miller, last email dated December 4, 2017, at 5:33:46 p.m. | Local 116-117 |

| 1021 | Email chain between Luisa Blue and Susan Smith, last email dated December 7, 2017, at 7:45:19 a.m. | Local 118 -119 |
|------|---------------------------------------------------------------------------------------------------|----------------|
| 1022 | Email from Debbie Miller, dated January 7, 2018, at 5:02:13. | Local 40-41 |
| 1023 | **Letter from Sean W. McDonald to Michael Mcavoyamaya, dated December 21, 2017 | Local 121-122 |
| 1024 | **Email from Michael Mcavoyamaya, dated December 22, 2018, at 5:02:40 p.m. | Local 123 |
| 1025 | **Letter from Sean W. McDonald to Michael Mcavoyamaya, dated January 21, 2018, at 3:38:00 p.m. | Local 125 |
| 1026 | Letter from Luisa Blue to Michael Mcavoyamaya, dated January 3, 2018. | Local 524-527 |
| 1027 | **Email from Michael Mcavoyamaya, dated January 7, 2018, at 2:52:39 | Local 38 |
| 1028 | **Email from Sean W. McDonald to Michael Mcavoyamaya, dated January 8, 2018, at 3:33:00 p.m. | Local 142-143 |
| 1029 | **Letter from Debbie Miller, dated February 19, 2018 | Local 71 |
| 1030 | **Organizer Job Description | Local 219 |
| 1031 | Charge of Discrimination filed with the EEOC | Local 363 |
| 1032 | Debbie Miller's Medical Records from Palm Medical Group, | CMM 1726-1728 |
| 1033 | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated September 19, 2017 | CMM 1758 |
| 1034 | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated October 9, 2017 | CMM 1746 |
| 1035 | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated October 31, 2017 | CMM 1756 |

| 1036 | Debbie Miller's Medical Record from Dignity Health Group Nevada, dated December 10, 2018 | CMM 1737 |
|---|---|---|
| 1037 | Notice of Termination for Javier Cabrera, dated October 30, 2017 | CMM 151-155 |
| 1038 | Letter from Paul D. Cotsonis to Susan Smith with attachments, dated December 13, 2017 | CMM 532-535 |
| 1039 | Debrief Sheet, dated October 18, 2017 | Local 395-396 |
| 1040 | Debrief Sheet, dated October 24, 2017 | Local 394 |
| 1041 | Email from Javier Cabrera to Grace Vergara, dated October 16, 2017, at 11:13 p.m. (Note, includes entire email chain). | Local 406 |
| 1042 | Email from Grace Vergara to Javier Cabrera, dated October 16, 2017, at 11:48 p.m. (Note, includes entire email chain). | Local 406 |
| 1043 | **Email from Sean W. McDonald to Michael Mcavoyamaya , dated January 2, 2018, at 3:38 p.m. | Local 314 |
| 1044 | **Email from Michael Mcavoyamaya to Sean W. McDonald, dated January 4, 28, at 9:05:51 p.m. | Local 128- 129 |
| 1045 | Staff Union CBA, dated January 1, 2015 through December 31, 2018 | Local 169 -203 |
| 1046 | **Letter from Michael Mcavoyamaya to the National Labor Relations Bord, dated May 29, 2018 | CMM 553-585 |
| 1047 | Debbie Miller's Responses to Interrogatories | |
| 1048 | Staff Union's Responses to Interrogatories | |
| 1049 | Requests for Admissions sent to Debbie Miller, dated August 22, 2019 | |
| 1050 | **Edward L. Bennett Expert Report with exhibits | |

| 1051 | **Kirk Marangi Expert Report with tables and attachments | |
|------|--------------------------------------------------------|---|
| 1052 | **Joint Petition for Divorce, filed July 18, 2014 | Local 1275-1288 |
| 1053 | **Decree of Divorce, filed August 27, 2014 | Local 1340-1361 |
| 1054 | Rebuttal documents. Local 1107 places other parties on notice that other documents not listed as an exhibit may be used as exhibits in rebuttal to testimony given or other evidence presented. | |
| 1055 | Local 1107 incorporates and may use or otherwise rely upon exhibits identified and / or used by other parties. | |

C. SEIU's list.

In addition to those exhibits listed below, SEIU hereby incorporates and may rely for its case-in-chief on any exhibit named by Local 1107 or any other party, and also reserves its right to call additional documents for rebuttal or impeachment purposes.

| No. | Description | Bates Nos. |
|-----|-------------|------------|
| 1107 | SEIU 2016 Constitution and Bylaws | |
| 1108 | Trusteeship Order, dated April 28, 2017 | |
| 1109 | Report and Recommendations on Emergency Trusteeship | |

Dated March 3, 2022.

CHRISTENSEN JAMES & MARTIN          ROTHNER, SEGALL & GREENSTONE

By:   /s/ Evan L. James          By:   /s/ Eli Naduris-Weissman

Evan L. James, Esq.
Nevada Bar No. 7760
7440 W. Sahara Avenue
Las Vegas, NV 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
elj@cjmlv.com
*Attorneys for Local 1107,*
*Luisa Blue, and Martin Manteca*

Eli Naduris-Weissman, Esq.
Pro Hac Vice
510 S. Marengo Ave.
Pasadena, California 91101-3115
Tel.: (626) 796-7555
enaduris-weissman@rsglabor.com
*Attorneys for SEIU and*
*Mary Kay Henry*

By:   */s/ Michael J. Mcavoyamaya*
Michael J. Mcavoyamaya, Esq.
Nevada Bar No. 14082
4539 Paseo Del Ray
Las Vegas, NV 89121
Tel.: (702) 299-5083
mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

IT IS ORDERED that Calendar call is set for September 19, 2023 at 10:00 AM in LV 7C; Jury Trial is set for October 2, 2023 at 8:30 am in LV Courtroom 7C.

_____
RICHARD F. BOULWARE, II
United States District Judge

Dated:   March 30, 2023

\

# CERTIFICATE OF SERVICE

I am an employee of Christensen James & Martin and caused a true and correct copy of the foregoing document to be served in the following manner on the date it was filed with the Court's ECF System.

✓   ELECTRONIC SERVICE:  Through the Court's E-Filing System to the following:

__   VIA UNITED STATES MAIL:

Michael J. Mcavoyamaya, Esq.          Email copy to: mcavoyamayalaw@gmail.com
4539 Paseo Del Ray
Las Vegas, NV 89121

Jonathan Cohen, Esq.                      Email copy to: jcohen@rsglabor.com
Eli Naduris-Weissman, Esq.            Email copy to: enaduris-weissman@rsglabor.com
Carlos Coye, Esq.                            Email copy to: ccoye@rsglabor.com
Rothner, Segall & Greenstone
510 South Marengo Avenue
Pasadena, California 91101-3115

CHRISTENSEN JAMES & MARTIN

By:___/s/ Evan L. James_____
     Evan L. James